# *Ex Parte* McMillan, *et al.*

### Habeas Corpus.

(Decided February 6, 1917.  74 South. 396.)

1. **Evidence; Judicial Knowledge.**—The courts judicially know that since the 18th day of June, 1916, and July 1st, 1916, under the call of the President of the United States, and under the National Defense Act, all the National Guard has been transferred from service in and to the State, and has become a part of the volunteer forces of the United States, and subject only to the commands of the officers of the United States Government and the Federal authorities.

2. **Habeas Corpus; Jurisdiction of State Courts; Federal Authorities.**— Under regulations of the United States Army, Article 72, whatever authority the state courts have to grant writs of habeas corpus is without application to discharge from custody of persons held by authority of the law of the United States.

3. **Same; Review; Moot Case.**—Where members of a State National Guard have been drafted into the National Army or military service of the United States under the National Defense Act, they are beyond the jurisdiction of the state courts, and the appellate court will not consider the question whether they were properly mustered into the service of the state, as that has become a moot case, which will not be reviewed.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Petition by W. F. McMillan and others for habeas corpus to procure a discharge from Company M, First Regiment, Alabama National Guard.  From a decree of the Chancellor dismissing the petition, petitioners appeal.  Writ denied and appeal dismissed.

GRANADE & GRANADE, for appellant.  W. L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General, for the State.

PELHAM, P. J.—This is an appeal from a decree of the chancery court of Mobile, dismissing the petition of appellants for habeas corpus to secure a release of the petitioners from the custody of the captain of Company M, First Regiment, of the Alabama National Guard, on the ground that the petitioners were not regularly and properly mustered into the service of the state as members of the Alabama National Guard.

(1) The court judicially knows that on or about the 18th day of June, 1916, the President of the United States called for the mobilization of the National Guard of the United States on the Mexican border. The court also judicially knows that under a resolution of the federal Congress passed July 1, 1916, the President was authorized to, and did, draft into the military service of the United States, under the provisions of what is known as the National Defense Act (approved June 3, 1916), the organized militia of the state, of Alabama; and that under the provisions of said act of Congress, from the said date of being drafted, the members of the National Guard of Alabama stand, and are, discharged from militia service for the state, and are subject to the laws and regulations of the Army of the United States, as far as applicable to the volunteer army. The court further judicially knows that, in conformity to the above-mentioned provisions, Company M of the First Regiment of the Alabama National Guard was, several months ago, transferred, as a part of the volunteer forces of the United States, to the Mexican border for service, and as such its members are now outside of the jurisdiction of the state courts on the border as members of the volunteer army of the United States performing duties as such, and subject only to the commands of the officers of the United States government, and federal authorities.

(2, 3) The rules and regulations of the United States Army are the law of the land (*Root v. Stevenson*, 24 Ind. 115) ; and, whatever authority the state courts have under state laws to grant writs of habeas corpus, it does not apply to discharge from custody of persons held by authority of the laws of the United States.—Regulations for U. S. Army, art LXXII; *In re. Royal,* 117 U. S. 241, 6 Supt. Ct. 734, 29 L. Ed. 868.

The following authorities will be found to support our holding of what the courts may take judicial knowledge: *M. & C. R. R. Co. v. Bromberg, Adm'r,* 141 Ala. 258, 282, 37 South. 395; *L. & N. R. R. Co. v. Holland,* 173 Ala. 690, 55 South. 1001; *Ensley v. Simpson,* 166 Ala. 383, 52 South. 61; *Drake, Ex'r, v. Lady Ensley, etc., Co.,* 102 Ala. 501, 506, 14 South. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77; *Clifton Iron Co. v. Dye,* 87 Ala. 468, 471, 6 South. 192; *Wall v. State,* 78 Ala. 417, 418; *Gordon, Rankin & Co. v. Tweedy,* 74 Ala. 232, 237, 49 Am. Rep. 813.

From what we have said it will be seen that there is no necessity for this court to enter into a consideration, and reach a de-

[Black v. Williamson & Young.]

termination, on the question sought to be presented, as the case has become a moot case, and the writ must be denied.—*Ex parte Perryman*, 156 Ala. 625, 46 South. 866.   Appellate courts will never consider moot cases, for the reason that no end could be accomplished by any judgment rendered, and the court will decline to pass upon appeals in such cases.—*Montgomery County, et al. v. Montgomery Traction Co.*, 140 Ala. 458, 37 South. 208.

Writ denied and appeal dismissed.