No. 36,845

Frank A. Perry, *Appellant,* v. John Gwartney, Sheriff of Leavenworth County, *Appellee.*

(178 P. 2d 185)

Opinion filed March 8, 1947.

*Benjamin F. Endres,* of Leavenworth, argued the cause, and *Homer Davis,* of Leavenworth, was with him on the briefs for the appellant.

*John H. Murray,* of Leavenworth, and *Joseph N. Brown,* of Springfield, Mo., argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was a petition for a writ of habeas corpus brought originally in the district court. Judgment was for the respondent denying the writ. The petitioner has appealed.

About many of the facts there is no dispute. On July 16, 1941, petitioner was incarcerated in the Missouri state penitentiary following his conviction of burglary and grand larceny and his sentence to be confined there for a term of eight years. While serving that sentence he was taken before the federal court in Missouri, where he entered a plea of guilty to a violation of the Dyer Act.

He was then sentenced to a term of five years in a United States penitentiary with a provision that this sentence should be served concurrently with the sentence to the Missouri state penitentiary. On October 27, 1942, petitioner was taken from the Missouri state penitentiary and brought into federal district court in Kansas, where he pleaded guilty to three indictments charging violations of federal statutes.

On Indictment No. 2222 he was sentenced to serve a term of confinement of one year and one day, the term to be consecutive to the eight-year term in the Missouri state penitentiary. On Indictment No. 2223 he was sentenced to a term of five years, this sentence to run consecutively to the term of one year imposed in Case No. 2222. This sentence was suspended and petitioner placed on probation. On Indictment No. 2260 petitioner was sentenced to a five-year term in the federal penitentiary at Leavenworth on each of two counts, the sentences to run concurrently with each other and concurrently with the sentence in Case No. 2223. Execution of that sentence was suspended and petitioner was placed on probation.

It will be seen that the net result of the sentences in Kansas as far as actual confinement is concerned was to provide for confinement in the federal penitentiary at Leavenworth for a year and a day, which confinement was to begin at the end of the sentence then being served by petitioner in the Missouri penitentiary. In addition for a period of ten years defendant would be on probation by the federal court of Kansas after he finished serving the sentence of a year and a day.

Immediately following these sentences petitioner was returned to the penitentiary in Missouri to finish his sentence there. While the petitioner was serving this term a complaint was filed by the prosecuting attorney of Greene county, Missouri, charging petitioner with an assault upon the jailer of the Greene county jail with a deadly weapon with intent to kill while in the act of escaping from the county jail. It was charged that the crime was committed May 17, 1941, while petitioner was in the jail for safe keeping awaiting trial of the burglary and larceny charge. The warrant on the charge of assault with a deadly weapon was issued by a justice of the peace of Greene county on March 13, 1945, almost four years after the crime of assault with intent to kill was alleged to have been committed. It was sent to the warden of the Missouri penitentiary shortly after its issue, that is, March 13,

1945, and was by the warden of that institution served upon petitioner. No other steps were taken under it to afford petitioner a preliminary examination or trial and he has never had a preliminary examination on that charge. While petitioner was serving the eight-year sentence in the Missouri penitentiary the governor of Missouri gave him a conditional commutation of it so that it would end December 8, 1945. On the day that he was to have been released from the Missouri penitentiary he was delivered to the United States marshal and taken to the penitentiary at Leavenworth to serve the sentence of a year and a day which had been imposed by the federal court of Kansas. This incarceration began December 8, 1945, and with good time earned in that institution he was released on a conditional parole September 1, 1946. At the door of the federal penitentiary he was arrested by the sheriff of Leavenworth county, Kansas, by virtue of the warrant from the justice of the peace of Greene county, Missouri. Later a governor's warrant was issued by the governor of Kansas in response to a request for such by the governor of Missouri.

It will be remembered that the sentence of a year and a day was given petitioner by the federal court of Kansas upon the first indictment and that sentences aggregating ten years were imposed on the other two indictments but it was ordered that petitioner should be placed upon probation in each of those cases so that upon the completion of the sentence of a year and a day, which occurred September 1, 1946, the status of petitioner was changed from being confined in the federal penitentiary to being on probation under the supervision from the federal court for Kansas.

Application was made by petitioner to the district court of Leavenworth county, Kansas, for release on the ground that he was being wrongfully held by the sheriff. That application for a writ was denied by the judge of the district court of Leavenworth and the petitioner has been held in the county jail at Leavenworth awaiting the outcome of this appeal.

The purpose of the petitioner asking for this writ is to prevent his being returned to Missouri to be tried on the charge of assault with a deadly weapon with intent to kill. It will be remembered that the governor of Missouri commuted petitioner's eight-year sentence so it would expire December 8, 1945, and that following this commutation he was delivered into the hands of the United

States marshal and taken to be incarcerated in the United States penitentiary at Leavenworth under the sentence of the federal judge for Kansas. Petitioner contends in this proceeding that when the governor of Missouri commuted his sentence and permitted the federal authorities to take him from Missouri to Kansas that he was not a fugitive from justice in Kansas. We are unable to agree with the argument of petitioner in that respect.

*In re Martin,* 142 Kan. 907, 52 P. 2d 1196, involves a situation somewhat analogous to this. There the petitioner sought to prevent his return to Texas to stand trial on a state charge. He alleged he had been held by the authorities in Texas and had been delivered to the federal authorities for trial and later for incarceration in Kansas, and that at the end of the incarceration in Kansas, Texas desired to have him returned there for trial upon an indictment found before his being delivered to Kansas. In dealing with the question we are here discussing we said:

"There is no showing that petitioner was pardoned by the governor of Texas previous to his removal to Kansas by the federal authorities; it is claimed only that the mere fact he was tried in the federal court after being convicted in the state court amounted to a waiver to further prosecute him on a pending indictment in the state court of Texas. That result certainly does not follow, for had he been confined in Texas under the federal sentence, upon his release the state authorities could have held him for trial on the indictment on which he had not been tried. As we view the matter, to constitute petitioner a fugitive from justice, it was not necessary to show he had voluntarily fled from the state of Texas to avoid prosecution on an outstanding indictment. Unless he was released from further prosecution by pardon of the governor of that state, or as a necessary consequence of some requirement of law, the cause of his leaving and the manner in which he left were immaterial, if in fact an offense had been committed within the demanding state and he kept himself out of that state. There is no showing that he ever was taken from the state of Texas under such circumstances that that state could not at an appropriate time demand his return." (p. 912.)

See, also, *State, ex rel. Shapiro, v. Wall,* 187 Minn. 246, 244 N. W. 811, 85 A. L. R. 114.

Petitioner cites and relies on *In re Jones,* 154 Kan. 589, 121 P. 2d 219. The case is not in point here because there the petitioner was delivered to the federal authorities for incarceration in another state after his sentence to the state penitentiary had been commuted by the governor of the state. When he finished his

sentence in Kansas, Louisiana sought to have him returned there to finish serving the sentence, which had been commuted. In referring to *In re Martin* we said:

"Since, however, appellants so strenuously contend the decision in the Martin case is controlling in the instant case, we shall observe one outstanding fact which clearly distinguishes that case from the instant one. While in the Martin case the state of Texas was demanding Martin's return from this state after his federal sentence, imposed in Texas, had been served in the federal penitentiary of this state, that state was demanding Martin's return for trial in Texas upon an alleged offense against the laws of that state, which offense was entirely separate and distinct from the state offense for which Martin previously had been sentenced to the state penitentiary by the state of Texas." (p. 596.)

Petitioner next argues that under the Missouri statute he should have been tried during the two terms of court next following the date on which the warrant was served upon him and the fact that he was then in the Missouri penitentiary is immaterial under the statutes of the state. In that connection the petitioner points out that the statutes of Missouri as requiring a speedy trial are somewhat similar to our statutes upon which we passed in *Nicolay v. Kill,* 161 Kan. 667, 170 P. 2d. 823. Respondent points out here this point is raised in this court for the first time; that it was not raised in the court below and hence the trial court had no opportunity to pass upon it and it cannot be raised in this court for the first time on appeal. We note that the only specification of error made by the petitioner is that the court erred in not sustaining his petition "for his discharge from the illegal retention and restraint of the liberty" by the respondent. Moreover, the statute in question is a statute of limitations. See *State, ex rel. Stevens v. Wurdeman,* 295 Mo. 566. Whether or not it has run so as to prevent the trial of petitioner is a matter of defense, which should be raised by him on his trial. In *Biddinger v. Commissioner of Police,* 245 U. S. 128, the court said:

"The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases, *United States v. Cook,* 17 Wall. 168; and the form of the statute in Illinois, which the appellant seeks to rely upon, makes it especially necessary that the claimed defense of it should be heard and decided by the courts of that State." (p. 135.)

See, also, *State ex rel., Kollman v. Johnson,* 184 Minn. 309, 238 N. W. 490, 77 A. L. R. 899.

Following the foregoing and analogous authorities we refrain from passing on this question.

Petitioner next argues that when he finished his sentence of a year and a day in the federal penitentiary of Kansas he was then at liberty on probation from the federal court of Kansas and cannot be prosecuted for any other crime while he is thus under the wing of the federal court. In this connection he relies upon *Grant v. Guernsey*, 63 F. 2d 163. That was a case where a party in Kansas pleaded guilty in federal court to a violation of the federal banking laws and was sentenced upon the charge and released upon probation. While he was thus at liberty on probation the county attorney of the county where the crime had been committed sought to prosecute him for violation of the state statutes. The federal court held that he could not be so prosecuted. The Guernsey case seems to turn upon the fact that no request had been made to the federal court for release of its jurisdiction and control over Guernsey so that he could be tried by the state court. The court also pointed out that it was not clear as to whether the federal court would be compelled to release or whether it was discretionary. Regardless of the holding in the Guernsey case we prefer the rule announced in *In re Andrews*, 236 Fed. 300, where it was held that the question of which court should have the custody of a defendant was one of comity between the two governments and not a personal right of the prisoner and could not be raised by him.

See, also, *Wall v. Hudspeth*, 108 F. 2d 865, where it was said:

"When the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has been exhausted, to the exclusion of the courts of the other sovereign. That rule rests upon principles of comity, and it exists between federal and state courts. *Ponzi v. Fessenden*, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; *Grant v. Guernsey*, 10 Cir., 63 F. 2d 163, certiorari denied 289 U. S. 744, 53 S. Ct. 688, 77 L. Ed 1491. But either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner which he can assert in a proceeding of this kind. *Ponzi v. Fessenden*, supra; *In re Andrews, D. C.*, 236 F. 300.

"The record is silent in respect to the manner in which petitioner passed from the custody of the state into that of the federal government. Petitioner invokes the rule that once a condition is established it is presumed to continue until the contrary is shown. He argues that since at the time the sentence

here in question was passed upon him he was serving a long sentence in the state penitentiary, it must be presumed that he was still serving that sentence when the commitment issued out of the United States Court and he was taken into custody under it. But that general presumption must yield to another which has specific and controlling application here. Public officials are presumed to do their duty, not to act in an unauthorized manner. It must be presumed that the federal officers secured custody of petitioner in a lawful manner, not that they took him by force or otherwise violated the rights of the state in respect to its custody of him. It must be presumed that the state voluntarily surrendered him in some manner. If so, the question of his custody is one of comity between the two governments, and petitioner has no voice in it." (p. 866.)

There is no record here as to the manner in which the custody of the prisoner passed from the warden of the state penitentiary of Missouri to the federal authorities. It has all the appearances of a coöperative plan between the officers of two governments to see that there should be orderly prosecution of the petitioner. Furthermore, he appears to have been delivered by the authorities at the federal penitentiary at Leavenworth to the agent of the governor of Missouri.

We find there is no error in the record and the judgment of the trial court is affirmed.