43 So.2d 841

### NOLLY v. STATE.

6 Div. 893.

Court of Appeals of Alabama.

Jan. 10, 1950.

80

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant below was convicted of larceny from the person. Title 14, Sec. 331, Code 1940.

The property alleged to have been stolen was a pistol of the value of $18.00.

It appears that the indictment was returned in January 1941 and the defendant was not arrested until November 1948. His trial followed in February 1949.

The accused moved the court to dismiss the prosecution and order his discharge, the,

Geo. S. Brown and Brown & Gordon, of Birmingham, for appellant.

contention being that, because of the delay from the date of the return of the indictment to the time of trial, the appellant was denied his constitutional right to a speedy trial.

At the time the defendant was indicted in the case at bar, he was serving a sentence in the Federal penitentiary for another offense. He was not released from this imprisonment until June 1946.

On January 20, 1941, the sheriff's office in Bessemer, Alabama, mailed a letter to the United States Marshal in Birmingham, Alabama, in which the marshal was notified of the pendency of the case against the appellant in the State court and was requested: "Notify us when he is to be released and we will send for him."

The sheriff was not notified as he requested. The defendant was released and he returned to Jefferson County, Alabama, and there remained until his arrest more than two years later.

It does not appear that the sheriff or anyone connected with his office had any knowledge of appellant's release from the Federal prison. Nor were they apprised that the defendant was in the county prior to the time he was taken in custody in November 1948.

Some of the authorities hold that a state may not deny an accused person a speedy trial because he is incarcerated in one of the state's penal institutions under a prior conviction and sentence in a court of that sovereign. This is not the case at bar. Obviously a very different situation is presented when it is shown that the delay of trial is occasioned by a confinement in the federal prison and that there is a liberation from that imprisonment without any knowledge of or notice to the state authorities.

In the case of Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, it is clearly held that the surrender of a federal prisoner to a state court to be there tried on a state charge is within the discretion of the authorities of the federal government. See also Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762, 118 A. L.R. 1032.

The delay of trial under the circumstances in this case cannot be made a successful basis for a claim that the accused has been denied the right to a speedy trial within the contemplation of Art. 1, Sec. 6 of the Constitution of Alabama, 1901.

The case of Young v. State, 131 Ala. 51, 31 So. 373, and In re Tate's Case, 76 Ala. 482, are neither analogous nor in any manner controlling.

Appellant's counsel insists in brief that the appellant was due the general affirmative charge. The insistence is based primarily on the position that the essential element of intent or "animus furandi" is not established by the evidence and that the inferences therefrom are not of sufficient potency.

At the time of the alleged theft the appellant was confined in the city jail "on a holdover for the F. B. I." The prosecuting witness was a city officer and was charged with the duty of guarding city prisoners while they were at work. On the morning in question he went to the jail for the purpose of taking a prisoner out to work. According to the officer's testimony this occurred:

"Q. Now when you went to the door of this cell that morning to get Rufus Darden out, will you just tell the jury what happened, if anything, concerning this Napoleon? A. I went and opened the cell door to take this other boy out. Then I went to close it back and hang this lock in it, this nigger here hit the jail door, after I got it almost closed; and he knocked the jail door into my ribs and fractured three of them, and it knocked me down on the floor. He came out and got on top of me, and hugged me, and taken my gun out of the scabbard, and tore the pocket lining out of my jacket. In doing so he jumped off of me and straightened on his legs and leveled the gun on me like that (indicating), like he was fixing to shoot me. * * * So I looked up at him and I said you are a liar. When I said that, he broke and ran out of the hall, and I followed him."

The appellant did not deny taking the pistol and keeping it two or three days and then delivering it to the federal officers. He testified that as he ran out of the jail he

struck the officer's hand and knocked the pistol therefrom to the floor. He stated that the gun slid along the surface of the floor for some distance, whereupon he picked it up and ran.

In considering the propriety vel non of the refusal of the general affirmative charge to the defendant in a criminal case, the court must accept as true the evidence offered by the State and accord to it all legitimate inferences. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Womack v. State, 34 Ala.App. 487, 41 So.2d 429.

The scant delineation of the evidence which we have set out will serve to illustrate our view that the appellant was not due the general affirmative charge. The following authorities support our view: Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Sims v. State, 99 Ala. 161, 13 So. 498; Davis v. State, 23 Ala.App. 278, 124 So. 391; Murchison v. State, 32 Ala.App. 427, 26 So.2d 622; Travis v. State, 32 Ala.App. 637, 29 So.2d 359; Hickman v. State, 25 Ala.App. 279, 145 So. 167.

We would be out of harmony with the familiar rules to hold that the lower court was in error in denying the motion for a new trial. Wilson v. State, supra; Travis v. State, supra; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

We have responded to all questions presented by the record that merit comment.

The judgment of the court below is ordered affirmed.

Affirmed.