102 So.2d 913

Anthony Michael ACCARDO

v.

STATE.

7 Div. 534.

Court of Appeals of Alabama.

May 20, 1958.

Anthony M. Accardo, pro se.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from an order of the Talladega Circuit Court in response to a motion by Accardo for a writ of habeas corpus ad deliberandum et recipiendum. (3 Bl.Com. 130.)

The order appealed from reads as follows:

"On this the 25th day of February, 1958, the foregoing petition being this day presented to the Court, and it appearing to the Court from the record of this cause that Petitioner escaped from the Talladega County jail while awaiting trial in this cause and is now under confinement in a Federal Penitentiary in the State of Georgia after conviction of another offense; it is ordered the writ of habeas corpus be

denied and that the hearing on the other matters in this motion be, and the same is hereby, continued indefinitely to be reset on motion of the Petitioner as soon as the Petitioner is again in the custody of the Sheriff of Talladega County, Alabama.

"/s/ Harry R. Teel
"Judge from 29th Judicial Circuit of Alabama."

Accardo complains that he is entitled to a speedy trial for second degree burglary arising out of an alleged breaking into the First Methodist Church of Sylacauga.

■ A delay of trial for twelve years of a prisoner in the Alabama penitentiary violated his constitutional right to a speedy trial, Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158. However, we cannot conceive of this principle applying to a prisoner who has made his trial impossible, *first,* by escaping from the State, and, *second,* by some other misconduct putting himself in the jurisdiction and custody of the prison system of another sovereign. These circumstances evoke a doctrine like unto the suspension of the running of the statute of limitations during absence from the State.

■ Accardo's being in the custody of the Attorney General of the United States at the Atlanta Penitentiary precludes our State courts from entertaining an application for the writ.

"The rules and regulations of the United States Army are the law of the land (Root v. Stevenson, 24 Ind. 115); and, whatever authority the state courts have under state laws to grant writs of habeas corpus, it does not apply to discharge from custody of persons held by authority of the laws of the United States. Regulations for U.

S. Army, art. LXXII; In re Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868." Ex parte McMillan, 15 Ala.App. 571, 74 So. 396.

■ Moreover, the ambit of the writ is confined to the territory of the sovereign who is asked to grant it, Johnson v. Eisentrager, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255; Code 1940, T. 15, § 1. Also, it is addressed to a person under the dominion of that sovereign, for the custodian alone can produce the body. The operation of comity between jurisdictions does not confer on the prisoner any right to be kept from or given to another jurisdiction. Perry v. Gwartney, 162 Kan. 607, 178 P.2d 185; Com. v. Domanski, 332 Mass. 66, 123 N.E.2d 368; Nolly v. State, 35 Ala. App. 79, 43 So.2d 841.

Judge Fee of the Ninth Circuit, in Strand v. Schmittroth, 251 F.2d 590, 610, concludes a most erudite and comprehensive opinion:

"The petition of Schmittroth did not allege facts upon which there was a valid claim or right in him for release from state custody. Since the petition did not allege facts which indicated that the United States District Court had jurisdiction of the subject matter or over the person of Schmittroth or any power over the sheriff as a state officer, the petition should have been dismissed for lack of jurisdiction. * * *"

■ Under Code 1940, T. 15, § 369, as amended, we have authority to render judgment on the original petition. However on authority of Ex parte McMillan, supra, and T. 15, § 1, we hold that Accardo's petition on its face was a nullity. There being no jurisdiction of the subject matter, the appeal here is due to be

Dismissed.