134 So.2d 432

**Willie P. HEMPHILL**

v.

**STATE.**

**7 Div. 664.**

Court of Appeals of Alabama.

· Nov. 7, 1961.

**442**

Loma B. Beaty, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Chas. M. Crook, Legal Research Aide, Union Springs, for the State.

CATES, Judge.

Hemphill appeals from a judgment revoking his probation.

The State, moving for dismissal, has assigned: (1) Hemphill's failure to assign any error; and (2) that appeal is not the proper mode of review of a judgment of this sort.

■ We have heretofore, in Sparks v. State, 40 Ala.App. 551, 119 So.2d 596, and Fiorella v. State, 40 Ala.App. 587, 121 So. 2d 875, held that (1) appeal is the proper mode of review; and (2) Code 1940, T. 15, § 389, dispensing with assignments of error is without influence because it relates only to judgments of conviction of crime.

Hemphill moves to strike the State's motion because (1) it was not timely filed nor (2) on transcript paper.

The original of the State's motion filed with the clerk of this court was on transcript paper. The Attorney General's letter sending appellant a copy probably did not state whether the original was on transcript paper.

■ We consider that neither motion is operative because we notice ex mero motu the absence of assignments of error. Erwin v. Erwin, 269 Ala. 632, 114 So.2d 918. As observed in Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294, 295:

"Appellee filed a motion to dismiss the appeal because of the inadequacy of the single assignment of error, but we do not consider the motion. The failure to assign any errors or an inadequate assignment of errors requires the affirmance of the judgment below. Nichols v. Hardegree, 202 Ala. 132, 79 So. 598; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639."

There being no assignment of error bound in the transcript, the judgment below is

Affirmed.