164 So.2d 509

**Wilmer Troy DIXON**

v.

**STATE.**

1 Div. 954.

Court of Appeals of Alabama.

April 7, 1964.

Rehearing Denied May 12, 1964.

Thos. M. Haas, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from revocation of probation. Original conviction involved forgery of U. S. Government check. Plea of not guilty was withdrawn and on plea of guilty, probation granted November 10, 1961.

Probation revocation was set for hearing upon Dixon's being indicted in Federal court for counterfeiting U. S. currency.

The State court had before it evidence which would reasonably satisfy the trier of fact that such offense had been committed.

Dixon has made assignments of error (Hemphill v. State, 41 Ala.App. 441, 134 So. 2d 432) as follows:

"1. The Court erred in its revocation of the probation of the Defendant herein.

"2. The Court erred in its sentencing of the Defendant herein to imprisonment for a term of 10 years.

"3. The Court erred by requiring that the Defendant serve any sentence in this cause, since by the order of this. Court after having sentenced the Defendant, the Defendant was ordered. released to the Federal authorities.
"4. The Court erred in requiring the Defendant to be taken into custody and confining him in the Mobile County Jail when the Court recessed the hearing on May 15, 1963 until 9:30 A.M. May 20, 1963."

In view of Woodson v. State, 170 Ala. 87, 54 So. 191, no question as to the validity of the prior indictment would seem now available, even were it to be held that this offense (i. e., forging a Federal Treasury warrant) falls within the preemption rule laid down in; Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640.

Under Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875, it is permissible to set a hearing for revocation of probation before conviction is had of some independent offense.

Because a Federal indictment may be handed down on hearsay, Costello v. United States, 350 U.S. 359, 76 S.Ct. 406,. 100 L.Ed. 397, such an indictment, in and. of itself, would not alone furnish ground for revocation of probation. Nevertheless, it is such a circumstance that the circuit court may justifiably use to hold a revoca-

tion hearing if the prosecution is prepared to prove the substance of the Federal charge.

■ After a Federal conviction is shown by an exemplified copy of the judgment or by testimony of the defendant (Wright v. State, 38 Ala.App. 64, 79 So.2d 66), the burden of persuasion shifts to the convict.

No assignment of error properly raises the claimed applicability of Code 1940, T. 15, § 307, which reads as follows:

"§ 307. A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

■ We doubt that our probation revocation statute can make conviction in another jurisdiction depend on a showing of conformity with the Alabama rules of criminal evidence. At all events assignment of error 1, supra, is not specific enough to raise the point that a looser rule led to Dixon's conviction in the United States District Court. Undoubtedly, the power to coin money and regulate [if not debase] the value thereof is expressly conferred on the Congress.

The court authorized the sheriff to release the defendant to the Federal Government so that he could begin the sentence he received in Federal court.

"* * * The operation of comity between jurisdictions does not confer on the prisoner any right to be kept from or given to another jurisdiction. Perry v. Gwartney, 162 Kan. 607, 178 P.2d 185; Com. v. Domanski, 332 Mass. 66, 123 N.E.2d 368; Nolly v. State, 35 Ala.App. 79, 43 So.2d 841."—Accardo v. State, 39 Ala.App. 453, 102 So.2d 913.

■ The power of a circuit court to suspend execution of a felony sentence is derived only from Amendment No. 38, Constitution 1901, and from Code 1940, T. 42, §§ 19–25. In Persall v. State, 31 Ala.App. 309, 16 So.2d 332, we find language construing T. 42, § 24, to make it mandatory on revocation for the probationer to serve forthwith the full sentence originally imposed. Possibly it was error here for the court to order that Dixon be turned over to the Federal court.

However, not only is Dixon without standing to complain (Accardo v. State, supra), but also assignment of error 3 was not argued in brief.

The judgment of the trial court revoking probation is

Affirmed.

## On Rehearing

Counsel in the brief to support his application for rehearing urges:

"An examination of the record in this cause will reveal that the Appellant's probation on each of these cases was revoked by the Trial Court Judge after a hearing in which all of the testimony against the Appellant was given by alleged accomplices.

"The testimony of each accomplice was impeached and numerous witnesses testified to the bad reputation, generally, and for truth and veracity of each accomplice."

■ We do not pass on whether or not Code 1940, T. 15, § 307, applies to a hearing to revoke probation. We merely state that if a Federal court indicts and convicts a defendant for an act of counterfeiting *occurring after* a state court has put him on probation, the fact of the Federal conviction alone supports revocation of probation.

Application overruled.