264 So.2d 219

**Cleophus BATES**

v.

**STATE.**

**1 Div. 275.**

Court of Criminal Appeals of Alabama.

June 27, 1972.

filed in this Court, the judgment below is due to be and the same is hereby affirmed.

Affirmed.

CATES, P. J., and ALMON and HARRIS, JJ., concur.

---

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

TYSON, Judge.

This is an appeal from a judgment revoking appellant's probation.

Submission was on the merits and on motion of the appellee to affirm the judgment appealed from because no assignments of error were written or filed in the transcript as required by Supreme Court Rule 1, Code of Alabama 1940, Title 7 Appendix.

Examination of the record before us indicates that there was (1) an arrest of the probationer on warrant issued by the Circuit Court; (2) a report of such arrest to the Court; and (3) a full hearing with counsel present, after which the Court revoked the probation for suspension of sentence. Sparks v. State, 40 Ala.App. 551, 119 So.2d 596, cert. den. 270 Ala. 488, 119 So.2d 600.

However, we have held that assignments of error are absolutely essential to present questions for our review on appeal from revocation of probation. Sparks v. State, supra; Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875; Hemphill v. State, 41 Ala.App. 441, 134 So.2d 432; Jordan v. State, 44 Ala.App. 703, 220 So.2d 875, cert. den. 283 Ala. 716, 220 So.2d 876.

There being no assignments of error bound in the transcript, or otherwise,