This is an appeal from the order of the circuit court denying the appellant's motion to modify the frequency of the drug testing that is a condition of his probation. The appellant asserts that the circuit court abused its discretion.
In February 1991, Elton Bruce Rheuark, the appellant, was convicted of the unlawful possession of marijuana in the second degree and the unlawful possession of psilocybin. He was placed on probation in March 1991. A condition of probation was that he submit to drug testing as directed by his probation officer. His conviction was affirmed on direct appeal. Rheuark v. State, 601 So.2d 135 (Ala.Cr.App. 1992). However, the terms of probation were not challenged on direct appeal.
Apparently, on December 18, 1992, after a hearing on whether the appellant's probation should be revoked, the circuit court ordered the appellant to submit to weekly drug testing as a condition of his continued probation. R. 14. On February 10, 1993, the appellant filed a "motion to modify condition of probation." R. 14. The appellant maintained that his "drug of choice was marijuana," and that since "[t]he active ingredient in marijuana, THC, will remain in the body for at least three (3) weeks, . . . . monthly testing, instead of weekly, will be more than sufficient to establish to the court's satisfaction that he is remaining drug free." R. 15. On February 16, 1993, the circuit court denied without comment the appellant's motion.
The attorney general's motion to dismiss this appeal is due to be granted. The appellant has cited no authority allowing a defendant to appeal from an order of the circuit court denying a motion to modify the terms of probation when no revocation of probation is involved.
In Roden v. State, 384 So.2d 1248, 1249 (Ala.Cr.App. 1980), this Court held: "[T]he original granting or denial of probation is entirely within the discretion of the trial court and is not reviewable upon appeal from a judgment of conviction." The appellant may not appeal from an order denying probation. Lockett v. State, 475 So.2d 661 (Ala.Cr.App. 1985). Here, as in Markley v. State, 507 So.2d 1043, 1050
(Ala.Cr.App. 1987), "by accepting the conditions of probation as tendered in circuit court following the initial [probation] hearing, the appellant must be bound by its terms." WhileMarkley does provide authority for the proposition that the constitutionality of the terms of probation *Page 1207 
may be challenged on direct appeal from the order of the circuit court revoking the probation, in this case the appellant's probation was not revoked. The appellant has made no claim that he has a "liberty interest" in having this condition of his probation modified. See Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975).
This appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.