Kendrick Thomas, the appellant, pleaded guilty to, and was convicted of, rape in the second degree and was sentenced to 10 years' imprisonment. This is the direct appeal of that conviction.
The appellant's sentence of 10 years' imprisonment was suspended, and he was given a "reverse split sentence" on October 20, 1992. See Ala. Code 1975, § 15-18-8. Under the "reverse split sentence," the appellant was placed on supervised probation for one year, to be followed by two years' incarceration, and he was to be placed on supervised probation for the remainder of the sentence. C.R. 6. On November 4, 1993, a hearing was held for the purpose of allowing the appellant to "show cause, if any he/she has, why the period of incarceration should be postponed indefinitely." C.R. 6. At the conclusion of that hearing, the trial court stated: "I allowed you to remain out on supervised probation for a period of one year, provided that at the end of the sentence that you would serve ten[1] years, and it was the intention and still is the intention of this Court that you are to serve that two years in the state penitentiary." R. 112. The appellant argues that the trial court abused its discretion in not postponing his period of incarceration indefinitely.
It is clear that a defendant may appeal from a trial court's judgment revoking his probation. Hemphill v. State, 41 Ala. App. 441, 134 So.2d 432 (1961); see, e.g., Gates v. State,629 So.2d 719 (Ala.Cr.App. 1993); Pettway v. State, 628 So.2d 1066
(Ala.Cr.App. 1993). However, the refusal of a trial court to amend its original sentencing order imposing a reverse split sentence to postpone the period of incarceration indefinitely does not involve the revocation of probation and there is no right to appeal from that refusal. We apply the same rule to this situation as we do to the original grant or denial of probation: " '[T]he original granting or denial of probation is entirely within the discretion of the trial court and is not reviewable upon appeal from a judgment of conviction.' "Rheuark v. State, 625 So.2d 1206, 1206 (Ala.Cr.App. 1993) (quoting Roden v. State, 384 So.2d 1248, 1249
(Ala.Cr.App. 1980)). Accord German v. State, 492 So.2d 622, 625
(Ala.Cr.App. 1985). In Rheuark, this Court held that a defendant had no right to appeal from an order of the circuit court denying a motion to modify the terms of probation because there was no revocation of probation involved and we dismissed the appeal. That same rule should apply here.
Accordingly, this appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.
[1] We assume that this is either a misstatement or a typographical error and that "ten" should read "two." *Page 1343