PER CURIAM.
The appellant, Cecil John Romanick, appeals an order dismissing him from boot camp and ordering him to serve his sentence in prison. Romanick pleaded guilty in district court to two counts of receiving stolen property. He was sentenced to three years’ imprisonment on each count; the sentences were split, and he was ordered to serve two years in prison. The trial court further ordered that his sentences be served in a conservation camp program (commonly referred to as “boot camp”). Romanick was dismissed from boot camp because of his disruptive behavior. The trial court held a hearing, determined that Romanick had been disruptive in boot camp, and ordered that he be removed from the boot camp program. He further ordered that Romanick serve the remainder of his two-year period of confinement in prison. Thereafter, Ro-manick attempted to appeal this order.
By an order of this Court we directed the parties to respond, stating why this appeal should not be dismissed. To date no responses have been filed with this Court.
Romanick was sentenced to boot camp pursuant to § 15 — 18—8(a)(2), Ala.Code 1975, which states, in part:
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
[[Image here]]
“(2) That the convicted defendant may be confined, upon consultation with the Commissioner of the Alabama Department of Corrections (hereinafter called department) in a disciplinary, rehabilitation, conservation camp program (hereinafter called program) of the department. The convicted defendant shall be received into the department in accordance with applicable department rules and regulations and may be placed in the program after completion of this initial reception. The program shall be not less than 90 days nor more than 180 days in duration and shall be operated in accordance with department rules and regulations and as otherwise provided for by law. The commissioner of the department or his or her designee shall report to the sentencing court of each convicted defendant whether or not the convicted defendant completes or does not complete the program with any additional information that the commissioner or his or her designee shall wish to provide the court. Upon receipt of this report, the sentencing court may, upon its own order, suspend the remainder of the sentence and place the convicted defendant on probation as provided herein or order the convicted defendant to be confined to a prison, jail-type institution, or treatment institution for a period not to exceed three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best. If the sentencing court imposes additional confinement, as outlined above, credit shall be given for the actual time spent by the convicted *1083 defendant in the program. Conviction of an offense or prior offense of murder, rape first degree, kidnapping first degree, sodomy first degree, enticing a child to enter vehicle, house, etc., for immoral purposes, arson first degree, robbery first degree, and sentencing of life without parole will not be eligible for this program.”
(Emphasis added.)
Romaniek is not appealing the revocation of his probation. “It is clear that a defendant may appeal from a trial court’s judgment revoking his probation.” Thomas v. State, 675 So.2d 1341, 1342 (Ala.Crim.App.1994). Romanick is appealing an order entered dismissing him from boot camp and ordering him to serve his period of confinement in prison.
According to § 15-18-8, the trial court has the authority to order that a defendant be confined in a boot camp for a period of up to 180 days. The statute further provides that after receiving a report from the commissioner or his designee, the trial court may order that a defendant be confined in prison for a period not to exceed three years. Thomas was disruptive in boot camp; he did not successfully complete the program. Pursuant to § 15-18-8, the trial court ordered that Thomas serve the remainder of his two-year period of confinement in prison. The trial court modified the place of Thomas’s confinement and did not revoke Thomas’s probation. This order is not an appealable order. Cf. Rheuark v. State, 625 So.2d 1206 (Ala.Crim.App.1993).
This appeal is due to be dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.