James Randall Sanders appeals the circuit court's denial of his § 13A-5-9.1, Ala. Code 1975, motion to reconsider his sentence of life imprisonment without the possibility of parole, imposed upon application of the Habitual Felony Offender Act. See Kirby v.State, 899 So.2d 968 (Ala. 2004).
Sanders filed his motion on February 18, 2005, alleging that he had been convicted of robbery in the first degree and sentenced to life imprisonment without the possibility of parole based on the use for habitual felony offender purposes of what he claimed were three nonviolent, non-Class A felonies, specifically, two counts of auto theft and one count of burglary. After receiving a response from the State, the circuit court summarily denied the motion on March 24, 2005.
Recently, in Prestwood v. State, 915 So.2d 580 (Ala.Crim.App. 2005), this Court held:
 "Although we hold that [orders entered on § 13A-5-9.1
motions] are appealable, we further hold that this court's review of such orders will be limited. As long as the circuit court has jurisdiction to rule on a § 13A-5-9.1 motion; reviews any such motion that is properly filed before it by an inmate who is eligible for reconsideration; and, if it chooses to resentence a petitioner, imposes a sentence that is authorized by §§ 13A-5-9(c)(2) or 13A-5-9(c)(3), Ala. Code 1975, we will not second-guess that court's discretionary decision. Compare Rheuark v. State, 625 So.2d 1206
(Ala.Crim.App. 1993) (holding that the initial decision to grant or deny probation is entirely within the discretion of the trial court and is not reviewable on appeal); C.D.C. v. State, 821 So.2d 1021, 1025 (Ala.Crim.App. 2001) (holding that the decision to refer a defendant to drug court is solely within the prosecutor's discretion and is not subject to appellate review)."
915 So.2d at 583. In this case, the circuit court had jurisdiction to consider Sanders's motion — the judge who ruled on the motion is the presiding judge of the Coffee Circuit Court.
In its order denying Sanders's motion, the circuit court stated, in part:
 "The defendant has attached to his petition certificates of completion, statement of his conduct while incarcerated, work supervisor's report, an inmate summary and a statement of the correctional facility's chaplain. All these indicating good conduct by the defendant while incarcerated.
 "In weighing all the submitted documents it does appear that the defendant has not since incarceration been violent or caused problems. But, the defendant was convicted of a violent crime, i.e., Robbery First Degree, where one of the elements is being armed with a deadly weapon and in this case was a .45 cal[iber] automatic pistol. While the defendant's postconviction conduct is commendable it does not outweigh or overcome the fact that he was convicted of a violent crime. Therefore, this Court determines that the defendant as a result of his conviction of Robbery First Degree is a violent offender.
 "This Court, therefore, does not have jurisdiction pursuant to the statute and the Kirby [v. State, 899 So.2d 968 (Ala. 2004)] criteria to resentence. The defendant's Motion for a Reduced Sentence is therefore DENIED."
(C. 26.)
 In Kirby, the Alabama Supreme Court stated: *Page 434 
 "Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the [Habitual Felony Offender Act] upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the [Habitual Felony Offender Act] upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders. We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the [Department of Corrections] and the Parole Board concerning the inmate's behavior while incarcerated. It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced."
899 So.2d at 974 (emphasis added).
After considering all of the information Sanders submitted regarding his behavior while incarcerated, the circuit court determined, based on the nature of Sanders's underlying conviction — robbery in the first degree — that Sanders was a violent offender. Whether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal. Moreover, once the circuit court determined that Sanders was a violent offender, it was correct in finding that it had no jurisdiction to resentence Sanders because, although §13A-5-9.1 grants the sentencing judge or presiding judgejurisdiction to consider a § 13A-5-9.1 motion, by its very language § 13A-5-9.1 grants the sentencing judge or presiding judge jurisdiction to resentence only those offenders that are eligible for resentencing, i.e., nonviolent offenders who were sentenced pursuant to § 13A-5-9(c)(2) or (c)(3), Ala. Code 1975.
Based on the foregoing, we affirm the judgment of the circuit court.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.