941 So.2d 1008 (2005)
James Edward WELLS
v.
STATE of Alabama.
No. CR-04-2173.
Court of Criminal Appeals of Alabama.
October 28, 2005.
Rehearing Denied December 16, 2005.
Certiorari Denied May 12, 2006.
James Edward Wells, pro se.
Troy King, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
Alabama Supreme Court 1050448.
*1009 BASCHAB, Judge.
On October 11, 1996, the appellant, James Edward Wells, was convicted of attempted murder. On November 22, 1996, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See § 13A-5-9(c)(3), Ala.Code 1975. On November 8, 2004, the appellant filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975. The circuit court summarily denied the motion, and the appellant appealed that denial to this court. We affirmed the circuit court's judgment in an unpublished memorandum and issued a certificate of judgment on May 11, 2005. See Wells v. State, (CR-04-0818, April 22, 2005) 926 So.2d 1088 (Ala.Crim.App. 2005) (table). On June 14, 2005, the appellant filed a second motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975. The circuit court summarily denied the motion, and this appeal followed.
The appellant argues that the circuit court abused its discretion in denying his motion for reconsideration of his sentence. Because this is the second motion for reconsideration of sentence the appellant has filed, we must determine whether the circuit court was required to consider the motion at all.
At the outset, we note that neither § 13A-5-9.1, Ala.Code 1975, nor Kirby v. State, 899 So.2d 968 (Ala. 2004), specifically mentions the filing of more than one such motion. We further note that, in Kirby, 899 So.2d at 971, the Alabama Supreme Court stated:
"By requiring in § 13A-5-9.1 that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced."
(Emphasis added.) Thus, as we explained in Prestwood v. State, 915 So.2d 580 (Ala. Crim.App. 2005), a § 13A-5-9.1 motion involves reopening an existing case. Requiring that a circuit court consider a second or successive motion for reconsideration of sentence would not only waste the scarce resources of an already overburdened judicial system, but also would preclude finality of judgment in a case. We are aware that
"we must strike a proper balance between our interest in preserving the finality of judgments, and, thus, promoting the efficient administration of criminal justice, and our interest in safeguarding the rights of the accused. A careful balancing of these concerns is, in our view, necessary to foster stability and confidence in the judicial system."
Ex parte Frazier, 562 So.2d 560, 569 (Ala. 1989). See also Rule 1.2, Ala. R.Crim. P. (stating that "[t]hese rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."). Nevertheless, we conclude that, once a circuit court has considered one motion for reconsideration of sentence filed by a defendant in a particular case, the defendant's rights with regard to that case will have been sufficiently safeguarded. Thereafter, the circuit court will not have jurisdiction to consider any second or successive motions for reconsideration filed by that defendant in that particular case. Instead, it should summarily deny any such motion.
*1010 In this case, the circuit court did not have jurisdiction to consider the appellant's second motion for reconsideration of his sentence. Because it could have properly summarily denied the motion on this ground, we affirm the circuit court's judgment. See Sumlin v. State, 710 So.2d 941 (Ala.Crim.App. 1998) (noting that we will affirm a circuit court's denial of a Rule 32 petition if it is correct for any reason); Kilgore v. State, 643 So.2d 1015, 1018 (Ala. Crim.App. 1993) (noting that "we will affirm a lower court if the court's ruling is correct for any reason, even if the lower court based its ruling on a wrong reason").
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs specially, with opinion.
SHAW, Judge, concurring specially.
In Kirby v. State, 899 So.2d 968 (Ala. 2004), the Alabama Supreme Court held that "the Legislature has the power to vest circuit courts with the authority to reopen a case that had previously been deemed closed and in which the court's decision was deemed final." 899 So.2d at 971 (emphasis added). The Court further stated:
"Section 6.04(b) of Amendment No. 328, Ala. Const. of 1901, recognizes the authority of circuit courts to exercise the power conferred by § 13A-5-9.1:
"`The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law. The circuit court may be authorized to review decisions of state administrative agencies and decisions of inferior courts. It shall have authority to issue such writs as may be necessary or appropriate to effectuate its powers, and shall have such other powers as may be provided by law.'
"(Emphasis added.) Section 6.11 of Amendment No. 328 grants this Court the authority to promulgate rules of procedure, including criminal procedure, but it prohibits this Court from enacting a rule that alters the jurisdiction of a court. Only the Legislature, within constitutional limits, has the authority to alter the jurisdiction of the circuit courts. Henderson v. State, 616 So.2d 406, 407-10 (Ala.Crim.App. 1993). By passing a general act of statewide application, the Legislature can change the rules this Court has promulgated governing the administration of all courts. Ex parte Kennedy, 656 So.2d 365, 367 (Ala. 1995). Section 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively."
899 So.2d at 971-72.
Neither the legislature nor the Alabama Supreme Court has addressed the issue whether § 13A-5-9.1, Ala.Code 1975, vests circuit courts with the authority to reconsider a case more than once. It goes without saying that § 13A-5-9.1 "is not a model of clarity," 899 So.2d at 974. However, based on what I understand the legislature was trying to accomplish by taking the rather extraordinary step of allowing the provisions of § 13A-5-9, Ala.Code 1975, to be applied retroactively by the circuit courts, i.e., to allow for the reconsideration of certain sentences and the possible parole of certain offenders, I do not believe that the legislature intended to authorize the reconsideration of a case more than once.[1] "Normally, a trial court loses jurisdiction to modify a sentence in a *1011 criminal case if a request for modification is not filed within 30 days of sentencing." 899 So.2d at 971. As the majority notes, requiring a circuit court to evaluate multiple § 13A-5-9.1 motions would not only waste valuable judicial time, but would also preclude finality of judgments. I must assume that the legislature was aware of that when it enacted the statute.
Trial and appellate courts have struggled for some time now with frivolous and abusive filings made pursuant to Rule 32, Ala. R.Crim. P. Construing § 13A-5-9.1 to authorize the reconsideration of a case more than once would, in my view, be illogical and would have the undesired, but consequential, effect of inviting the same kind of frivolous and abusive filings that the courts are now seeing in the Rule 32 context.
Therefore, I concur with the conclusion reached by the majority that, once a circuit court has considered one motion for reconsideration of sentence filed by a defendant in a particular case, the defendant's rights with regard to that case will have been sufficiently safeguarded and, thereafter, the circuit court must summarily deny any further motions.
NOTES
[1] In a similar vein, this Court recently held in Sanders v. State, 934 So.2d 432 (Ala.Crim. App. 2005), that, based on the plain language of § 13A-5-9.1, a circuit court has no jurisdiction to resentence a violent offender.