In Kirby v. State, 899 So.2d 968 (Ala. 2004), the Alabama Supreme Court held that "the Legislature has the power to vest circuit courts with the authority to reopen a casethat had previously been deemed closed and in which the court'sdecision was deemed final." 899 So.2d at 971 (emphasis added). The Court further stated:
 "Section 6.04(b) of Amendment No. 328, Ala. Const, of 1901, recognizes the authority of circuit courts to exercise the power conferred by § 13A-5-9.1:
 "`The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law. The circuit court may be authorized to review decisions of state administrative agencies and decisions of inferior courts. It shall have authority to issue such writs as may be necessary or appropriate to effectuate its powers, and shall have such other powers as may be provided by law.'
 "(Emphasis added.) Section 6.11 of Amendment No. 328 grants this Court the authority to promulgate rules of procedure, including criminal procedure, but it prohibits this Court from enacting a rule that alters the jurisdiction of a court. Only the Legislature, within constitutional limits, has the authority to alter the jurisdiction of the circuit courts. Henderson v. State, 616 So.2d 406, 407-10
(Ala.Crim.App. 1993). By passing a general act of statewide application, the Legislature can change the rules this Court has promulgated governing the administration of all courts. Ex parte Kennedy, 656 So.2d 365, 367 (Ala. 1995). Section 13A-5-9.1 is an act of statewide application that confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively."
899 So.2d at 971-72.
Neither the legislature nor the Alabama Supreme Court has addressed the issue whether § 13A-5-9.1, Ala. Code 1975, vests circuit courts with the authority to reconsider a casemore than once. It goes without saying that § 13A-5-9.1
"is not a model of clarity," 899 So.2d at 974. However, based on what I understand the legislature was trying to accomplish by taking the rather extraordinary step of allowing the provisions of § 13A-5-9, Ala. Code 1975, to be applied retroactively by the circuit courts, i.e., to allow for the reconsideration of certain sentences and the possible parole of certain offenders, I do not believe that the legislature intended to authorize the reconsideration of a case more than once.[1] "Normally, a trial court loses jurisdiction to modify a sentence in a *Page 1011 
criminal case if a request for modification is not filed within 30 days of sentencing." 899 So.2d at 971. As the majority notes, requiring a circuit court to evaluate multiple § 13A-5-9.1
motions would not only waste valuable judicial time, but would also preclude finality of judgments. I must assume that the legislature was aware of that when it enacted the statute.
Trial and appellate courts have struggled for some time now with frivolous and abusive filings made pursuant to Rule 32, Ala. R.Crim. P. Construing § 13A-5-9.1 to authorize the reconsideration of a case more than once would, in my view, be illogical and would have the undesired, but consequential, effect of inviting the same kind of frivolous and abusive filings that the courts are now seeing in the Rule 32 context.
Therefore, I concur with the conclusion reached by the majority that, once a circuit court has considered one motion for reconsideration of sentence filed by a defendant in a particular case, the defendant's rights with regard to that case will have been sufficiently safeguarded and, thereafter, the circuit court must summarily deny any further motions.
[1] In a similar vein, this Court recently held inSanders v. State, 934 So.2d 432
(Ala.Crim.App. 2005), that, based on the plain language of § 13A-5-9.1, a circuit court has no jurisdiction to resentence a violent offender.