Revocation of probation.
On September 24, 1976, appellant was found guilty of being a youthful offender in two cases. In Case No. 35867, he was given a suspended sentence of three years, to-wit:
 "It is ordered and adjudged by the court that the execution of the sentence in this case be and the same is hereby suspended pending the good behavior of the defendant for a period of Three (3) years, and at the expiration of said Three (3) years, said suspension is hereby made permanent." (Emphasis supplied.)
In Case No. 35866, appellant was given a suspended sentence of one year to begin upon termination of the three year sentence in Case No. 35867. The judgment entry in the second case is the same with the exception of the length of the sentence imposed.
On January 3, 1977, the State moved to revoke probation in both cases. An abbreviated hearing was held in circuit court on March 25, 1977, at which time probation *Page 717 
was revoked, and the prior suspension of the two sentences was set aside. Both sentences were then ordered to run concurrently.
At the beginning of the hearing, counsel for appellant moved for a continuance which was denied. He then moved for a two-stage hearing, citing to the court, Gagnon v. Scarpelli,411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrisseyv. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). His motion was summarily denied.
The State called its only witness, William J. Conway, a State probation officer, who identified the only exhibit admitted into evidence, a "Supervisor's Report On Delinquent Probationer." When the report was offered into evidence, counsel for appellant objected on the grounds that the report was compiled from "some offense report," that appellant had a right to cross-examine adverse witnesses, and that he could not cross-examine Conway about factual matter which someone else had compiled. Counsel again cited Armstrong and Morrissey, supra, to the court. The court admitted the report over objection, and appellant cross-examined Conway in pertinent part as follows:
"Q. You weren't there when he was arrested, were you?
"A. No.
"Q. Where did you get this factual . . .?
 "A. I got the factual content of the offense from the Mobile City Police Department offense report.
"Q. Did you talk to the officers?
"A. No, I didn't."
Counsel for appellant further stated:
 "Judge, I'm going to move to exclude. There's no evidence that he has committed any crime except that [Conway's report] and it's simply impossible for me to cross-examine Mr. Conway or his report." (Bracketed matter added.)
The trial judge promptly denied the motion to exclude and then revoked probation.
 I
Our Supreme Court in Armstrong, supra, sets out its interpretation of the requirements of Morrissey and Gagnon, supra:
 "1. Written notice to the probationer of the claimed violations of probation.
 "2. Disclosure to the probationer of evidence against him or her.
 "3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
 "4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
 "5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
 "6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
 "7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
 "8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
 "9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation. *Page 718 Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875
(1960)." (Footnote omitted.)
The Alabama Supreme Court reversed the revocation of probation in Armstrong, saying that the probationer had not been accorded minimal due process. We note here that Armstrong was afforded a much greater measure of due process than was the instant appellant.
In Armstrong, witnesses testified as to the probationer's participation in the crime charged. In the instant proceeding, and over objection, no direct evidence of appellant's illegal conduct was introduced. His probation was revoked solely upon the basis of hearsay evidence. Appellant's counsel clearly brought out that the State's only witness at the hearing had no firsthand knowledge of the facts set out in his "Supervisor's Report On Delinquent Probationer." The probation officer testified that he obtained all the information in his report from another report, "the Mobile City Police Department offense report." He was not present when appellant was arrested, and he did not talk to the officers who wrote the offense report.
The probation officer's report was the only evidence introduced against the appellant. The use of such hearsay evidence denied the appellant the right to confront and cross-examine the persons who originated the factual information which formed the basis for revocation of his probation. Cross-examination of only Officer Conway, who had no firsthand knowledge of the factual material in the report, amounted to nothing more than an exercise in futility. Thus, appellant was denied minimal due process of law.
 II
In view of the foregoing, we need not determine whether the mere arrest of a probationer amounts to a breach of a condition of his probation. Nor do we pass upon whether a judgment suspending sentence, "pending the good behavior" of a defendant is a clear and definite condition of probation, as opposed to being vague and indefinite.
Our observations in this section of the opinion are directed to the attention of the trial judge on rehearing. If merely being arrested is sufficient for revocation of probation, then revocation would lie within the discretion of police officers rather than with judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached. Fiorella v. State,40 Ala. App. 587, 121 So.2d 875 (1960), cert. denied, 270 Ala. 737,121 So.2d 881. If so satisfied, the trial judge should then execute a written statement setting out the evidence relied upon and reasons for revoking probation.
REVERSED AND REMANDED.
All the Judges concur.