HARRIS, Presiding Judge.
In April of 1974, appellant was indicted by the Grand Jury of Mobile County for larceny and buying, receiving and concealing stolen property. Appellant filed an application to be treated as a youthful offender and this application was granted by the trial judge. Subsequently, appellant was arraigned as a youthful offender. At that time he entered a plea of guilty. The trial judge accepted appellant’s plea and ordered that appellant pay the costs of the prosecution. The judge also sentenced appellant to three years in custody of the Director of the Department of Corrections. The execution of this sentence was suspended, “pending the good behavior of the defendant for a period of Three (3) years and at the expiration of said Three (3) year period said suspension is hereby made permanent.” Suspension of the sentence was further predicated upon appellant attending the Continuing Learning Center and the Mental Health Center. This order of the court was entered on June 25, 1974.
On February 25, 1977, the District Attorney moved that appellant’s probation be revoked. The State alleged as a ground for this motion that appellant was arrested on September 22, 1976, by the Mobile Police Department on a charge of robbery. Following a preliminary hearing, appellant was indicted by the Mobile County Grand Jury.
On May 31, 1977, a preliminary hearing on the motion of the District Attorney’s Office was held.
Robert J. Mehrtens testified that he was a State Probation and Parole Officer and that he was appellant’s probation officer. Mehrtens assumed supervision of appellant’s case in July, 1975. On February 15, 1977, Mehrtens filed a report concerning appellant on delinquent probation. This report was admitted into evidence without objection. It is set out in full below.
“DELINQUENT CHARGE OR CHARGES
“Bailey is charged with violating the following condition of his Probation:
“CHARGE # 1: Arrested and Indicted for Robbery:
“Bailey was arrested by the Mobile Police Department on September 22, 1976, and charged with Robbery. A Preliminary Hearing was held in Mobile Municipal Court on October 4, 1976, and Bailey was bound over to the Mobile County Grand Jury where he was subsequently indicted on the charge. Bailey has appeared in Mobile County Circuit Court on this charge and has asked to be treated again as a Youthful Offender. He is currently free on $50,000 bond and is due in court February 28, 1977.
“The details of this offense are essentially as follows:
“Investigation of this offense revealed that Georgia Payne, # 6 China Berry Lane, Mobile, Alabama, reported on September 19, 1976, to the Mobile Police Department that she was robbed in her home by five black male subjects. Ms. Payne stated that these men knocked at her rear door, called her name, and grabbed her when she opened the door. One subject held a pistol to her head while another tied her hands and feet. They then forced her out of her home and into a club next door to her house. Once *754 inside, they threw her to the ground and one subject sat on her head. Someone kept kicking her in the side until another told him to stop.
“A paper bag was then stuffed into her mouth. They then led her to the front of the club and asked her where the money was located. These subjects then broke into the juke box and several pool tables before taking the victim out the front door and back to her house.
“Once inside her home, the subjects threw her on her bed and tied a blanket around her head. They then ransacked her home and a house trailer in her back yard. Items taken were:
“One Smith & Wesson pistol, caliber .32, value $50
One Remington Pump Shotgun, value $50 Currency in the amount of $321 Assorted coins in the amount of $100 Ten rolls of quarters, amount of $100 “The victim stated she could not give police much of a description, but one of the subjects looked like a boy in the neighborhood known as ‘Winkie’. ‘Wink-ie’ was described as thin, 19 years of age, and known to reside with his grandmother, Mrs. Kidd, on Highland Avenue. Through this identification, police arrested Adolphus Bailey of 358 West Highland Avenue, Prichard, Alabama.
“Others arrested in this case were Woodrow Green and Alphonse Timmons.
“SUBJECT’S STATEMENT:
“Adolphus denies his guilt in this offense and claims to have been playing cards and watching television at the time this offense occurred. He further stated that Ms. Payne is trying to get even with his family because several of Adolphus’ brothers and cousins ransacked Ms. Payne’s sugar cane patch earlier that day.
“CHARGE # 2: Associated With Known ' Felons:
“Adolphus Bailey is charged by this Supervisor with associating with Alphonse Timmons and Woodrow Green, both of whom are known felons.
“SUBJECT’S STATEMENT:
“Adolphus denies being with Timmons or Green.
“SUPERVISION SUMMARY:
“Since receiving probation in June, 1974, Bailey has reported to the Probation Office on a regular basis. His residence has been reported as 358 West Highland Avenue, Prichard, Alabama, throughout this period. He has held several employment situations since being placed on probation, but has listed his occupation as student throughout the majority of this reporting period.
“Bailey reported this arrest to me and has maintained close contact with me. He is currently enrolled as a student at Murphy High School.
“SUPERVISOR’S RECOMMENDATION:
“It is my recommendation that a decision be postponed on this revocation until the final disposition of the current charge of Robbery against Bailey has been resolved. “Signed and dated in Mobile, Alabama, this 15th day of February, 1977.
/s/ Robert J. Mehrtens
Robert J. Mehrtens
State Parole & Probation Supervisor”
On cross-examination by appellant’s attorney, Mehrtens testified that the filing of such a report was normal procedure to notify the court of an arrest. He further testified that in his opinion, appellant was not guilty of the robbery charged. Mehrtens recommended that the revocation hearing be continued until the final disposition of the robbery charge. The indictment on the robbery charge had been quashed at this time.
The trial judge then continued the hearing until July 19, so that appellant could “present further testimony . . . ”
The hearing was reconvened on July 26, 1977. At that time, Mehrtens testified to filing the delinquency report which was in evidence. He further testified that a subsequent arrest for a felony was a violation of the terms and conditions of probation.
On cross-examination by appellant’s attorney, Mehrtens testified that no warrant for the arrest of appellant ever issued from the Probation Officer.
*755 Mary Kidd then testified on behalf of appellant. She was appellant’s grandmother. Appellant had not been in any trouble since he was put on probation, Mrs. Kidd testified. She did testify that appellant had been arrested on a robbery charge.
No other testimony was presented. The trial judge then ruled on the motion. From the record:
“THE COURT: All right, the defendant will stand and face the Court. The record reflects that the Court back in 1974 placed you under the status of Youthful Offender, which, of course, was a decision to apparently prevent you from having a felony record. On that occasion you had been charged with Receiving and Concealing Stolen Property and as I said I changed the charge to Youthful Offender charge and I placed you on probation for a period of three years. Now, that was 1974. The charge placed against you pending your probationary period indicates that you have been charged with Robbery along with four other subjects, two of them convicted felons, that a Georgia Paine of Number Six Chinaberry Lane was grabbed in her own home and placed outside her home by five males and that you were one of those five males and that she was taken out and her mouth was stuffed with a paper bag and a blanket wrapped around her head and that one of you, one of the five kept kicking her until another one stopped it. The record further reflects from this report earlier says someone else, your brothers and your cousins ransacked this same lady’s sugar cane patch in the back of her house. It indicates the five of you ransacked her home and her house trailer and a Smith and Wesson pistol, caliber 32 was taken, a Remington pump shotgun, currency in the amount of three hundred and twenty-one dollars in assorted coins in the amount of one hundred dollars, ten rolls of quarters and that you were identified by the victim the lady, Mrs. Georgia Paine, of Number Six Chinaberry Lane as being one of the five and being a person referred to as Winkie and that you were identified as living with your grandmother, Mrs. Kidd.
“The Court, although it was testified by your Probation Officer that there was no record that he knew of that you were advised as to the requirements of probation, I think it is my standard procedure that you were informed that you must abide by the rules of the Probationary Department and that you must, of course, meet all of their requirements and regulations and that you, of course, stay out of trouble. Now, having been charged with the crime of Robbery and there being nothing presented to the Court to indicate that the Judge who determined on Preliminary Hearing that you should be bound over to the Grand Jury and the record reflects that you have been indicted for that particular charge and although the motion to quash that has been filed by your attorney has been granted pursuant to a Federal Court determination, there has nothing been presented to the Court that this case would not be presented again to a new Grand Jury. So, the record reflects that you have violated your probation by having been charged with a serious crime.' There is nothing under the law that provides that the Court must wait and it is the opinion of this Court that the Court should not wait where a charge has been made unless there is some reason, substantial reason to delay it pending that trial.
“Do you have anything to say at this time before the Court proceeds with making an adjudication?
“THE DEFENDANT: Yes, sir. I have been, you know, working every day and I have been staying out of trouble and I didn’t commit that Robbery and I would like to have, you know, a chance in the world to make something, a man or something out of myself. I am still a young man and I would rather be out there in the world helping my folks, you know, and being with them and working every day.
“THE COURT: The Court regrets that you have reached that decision at this time, that you couldn’t have reached it *756 and continued it from the time the Court gave you the opportunity to stay out on the streets having been charged with a felony at that time in 1974 and, further, been given the benefit of the Youthful Offender Act, but considering all factors before the Court this Court has no alternative based on what has been presented to the Court but to revoke your probation and order you to commence serving the sentence given you in 1974 that you be sent to the Director of Corrections in Montgomery, Alabama and serve your three years sentence. You’ll have to be seated in the Courtroom until the deputy gets here.”
Appellant now contends that he was denied the right to confrontation of adverse witnesses and due process. Particularly, appellant complains that the record does not reflect what information was the basis for Mehrtens’ report. Appellant’s probation was, thus, revoked solely on hearsay evidence.
It is well established that a revocation of probation is not a criminal prosecution; however, the probationer must be afforded the minimum standards of due process. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. Additionally, a probationer is entitled to two hearings, one a preliminary hearing to determine whether there is probable cause to believe that he has committed a violation of his probation, and a second more comprehensive hearing prior to a final decision on revocation. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.
In Armstrong v. State, 294 Ala. 100, 312 So.2d 620, the Supreme Court of Alabama set forth the guidelines which must be met for the standards of minimal due process before probation may be revoked. They are:
“1. Written notice to the probationer of the claimed violations of probation.
2. Disclosure to the probationer of evidence against him or her.
3. Opportunity of probationer to be heard in person and to present witnesses and documentary evidence.
4. The right to confront and cross-examine adverse witnesses (unless the judge specifically finds good cause for not allowing confrontation).
5. A written statement by the judge as to the evidence relied on and reasons for revoking probation.
6. The trial judge who granted probation may also conduct the revocation hearing. (We are not convinced that a detached and neutral judge should hold a revocation hearing. Judges preside over retrials. There appears to be no sound reason why the judge who granted probation could not fairly and impartially preside over revocation of probation hearing.)
7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance.
8. The judge conducting the probation hearing should decide on a case by case basis whether due process requires that an indigent probationer be represented by counsel.
9. It is not to be understood that proof beyond a reasonable doubt or the preponderance of the evidence are the standards to be applied in determining whether the probation should be revoked. The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation. Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875 (1960).”
We believe that these standards were met in this case. Appellant received a two-tier hearing. First, appellant was informed of the charges against him. The second stage of the hearing was held almost two months later, giving appellant ample time to gather evidence to refute the allegations of the delinquency report. Finally, the judge made a comprehensive statement, included in the record, setting forth the basis for his revocation of appellant’s probation. In ad *757 dition to his arrest on the robbery charge, the appellant was also known to have consorted with convicted felons. The trial judge also alluded to this in his statements.
In Hill v. State, Ala.Cr.App., 350 So.2d 716, this Court held that a defendant was denied due process where the sole basis for the revocation was hearsay evidence. However, that probationer strenuously objected to the admission into evidence of the delinquency report in that case. Appellant introduced no objection to the admission of the delinquency report in this case. Matters not objected to in the trial court cannot be considered for the first time on appeal. Jones v. State, Ala.Cr.App., 342 So.2d 457; Rainer v. State, 342 So.2d 1348.
A search of the record reflects no error injuriously affecting the substantial rights of appellant. The cause is affirmed.
AFFIRMED.
All the Judges concur.