This is an appeal from a revocation of probation. In 1979, the defendant pled guilty to violation of the Controlled Substances Act. His sentence of three years was suspended and he was placed on probation.
In March of 1982, the defendant's probation was revoked after the trial judge found that the defendant had probably violated the terms of his probation by committing the offense of theft of property.
On appeal the defendant argues that hearsay will not support a revocation of probation.
Chris Belcher testified that on November 20, 1981, he saw a car pull into the parking lot of a Howard Johnson's Motel. The defendant was sitting in the back seat. One of the two men in the front seat got out of the car, removed four hubcaps from a parked automobile and handed them to the defendant.
Vestavia police officer Terry L. Simpson responded to a call received by another officer reporting a theft of property in progress in the rear parking lot of Howard Johnson's. Simpson stopped the vehicle in which the defendant and his two companions were riding. He observed four hubcaps on the floor of the car.
At the revocation hearing, defense counsel argued that the evidence was insufficient because the owner of the hubcaps never testified that her property was in fact stolen.
The trial judge stated: "I think evidence that a car is parked at Howard Johnson's Motel and people come and take the hubcaps off with a screwdriver and, under surveillance in another car, and attempt to leave the parking lot, is evidence of a theft."
Proof beyond a reasonable doubt or the preponderance of the evidence are not the standards to be applied in determining whether probation should be revoked. "The trial judge must only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation." Armstrong v.State, 294 Ala. 100, 103, 312 So.2d 620 (1975). However, probation cannot be revoked solely upon hearsay evidence. Hillv. State, 350 So.2d 716 (Ala.Cr.App. 1977); Jenkins v. State,368 So.2d 329 (Ala.Cr.App. 1979). Both these cases hold that the probation officer's report constitutes hearsay evidence and is insufficient to sustain a revocation of probation because it denies the defendant "the right to confront and cross examine the persons who originated the factual information which formed the basis for revocation." Hill, 350 So.2d at 718.
"There is no definite criterion or measure of proof necessary to justify the revocation of one's probation. Only a gross abuse of discretion will justify the reviewing court in disturbing the trial court's conclusions." Wright v. State,349 So.2d 124, 125 (Ala.Cr.App. 1977). *Page 554 
We find that the revocation of probation was not an abuse of discretion. Tinsley v. State, 159 Ga. App. 579, 284 S.E.2d 84
(1981); State ex rel. Lyons v. Department of Health and SocialServices, 105 Wis.2d 146, 312 N.W.2d 868, 870 (1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.