We granted the writ of certiorari in order to review the judgment of the Court of Criminal Appeals upholding the trial court's revocation of petitioner's probation. The central question presented to us is whether the trial judge had before him *Page 367 
sufficient evidence to show that the petitioner had violated a condition of his probation. In answering this question we must decide whether the fact that petitioner had been arrested and charged with a federal crime was sufficient, in and of itself, to show that petitioner had violated a condition of his probation.
The relevant facts are succinctly stated as follows: Petitioner was convicted upon pleading guilty to a charge of receiving stolen property. He was sentenced to five years in the state penitentiary on October 20, 1986, but the sentence was suspended and he was placed on probation for five years after he had served one year of the sentence.
On November 18, 1987, petitioner was arrested pursuant to a warrant issued by the United States District Court for the Middle District of Alabama. He was charged with violation of21 U.S.C. § 846 for conspiring to possess, with intent to distribute, approximately 1,000 pounds of marijuana. The Circuit Court of Bibb County issued an order of delinquency on November 24, 1987, declaring petitioner to be delinquent on his probation, and ordered him taken into custody to await a hearing on delinquency. Counsel was appointed to represent him during the delinquency hearing, which was held on December 22, 1987. The trial court revoked his probation.
The sole question, as already stated, is whether there was sufficient evidence presented by the State at that revocation hearing to justify the trial court's order of revocation.
Petitioner argues that the State failed to present at the hearing any substantive evidence showing that he, in fact, had committed the offense for which he was arrested. He says that the only evidence presented at the hearing was the probation officer's report, which, he says, was based on nothing more than inadmissible hearsay.
The record shows that the State offered the report of Kathleen Bogue, State probation officer, which indicated that petitioner had been charged with the federal offense. The State offered to file certified copies of the federal charge, and the trial judge, after accepting the probation report into evidence, entered a written order, which provided, inter alia, as follows:
 "Upon filing of certified copies of charges pending in federal Court, ordered that probation be revoked defendant ordered to serve the sentence imposed."
The State filed a copy of the federal arrest warrant on December 30, 1987.
Petitioner contends that the judgment of the Court of Criminal Appeals, which affirmed the trial court's order, is in conflict with that court's own prior decision in Hill v.State, 350 So.2d 716 (Ala.Cr.App. 1977). Hill
involved a revocation proceeding where the State's only witness at the revocation hearing was a State probation officer, who identified the only exhibit admitted into evidence, a "Supervisor's Report on Delinquent Probationer." The probation officer had no firsthand knowledge of the facts within the report, but had obtained all of his information from a city police offense report. The Court of Criminal Appeals reversed, holding:
 "The probation officer's report was the only evidence introduced against the appellant. The use of such hearsay evidence denied the appellant the right to confront and cross-examine the persons who originated the factual information which formed the basis for revocation of his probation. Cross-examination of only Officer Conway [the probation officer], who had no firsthand knowledge of the factual material in the report, amounted to nothing more than an exercise in futility. Thus, appellant was denied minimal due process of law."
350 So.2d at 718.
In directing the trial judge on remand in Hill, supra, the Court of Criminal Appeals stated:
 "If merely being arrested is sufficient for revocation of probation, then revocation would lie within the discretion of police officers rather than with judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The *Page 368 
decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875
(1960), cert. denied, 270 Ala. 737, 121 So.2d 881
[(1960)]. If so satisfied, the trial judge should then execute a written statement setting out the evidence relied upon and reasons for revoking probation."
350 So.2d at 718.
Petitioner further argues that the case of Dixon v.State, 42 Ala. App. 341, 164 So.2d 509 (1964), supports his argument. In Dixon, it is stated:
 "Because a Federal indictment may be handed down on hearsay, Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397
[(1956)], such an indictment, in and of itself, would not alone furnish ground for revocation of probation. Nevertheless, it is such a circumstance that the circuit court may justifiably use to hold a revocation hearing if the prosecution is prepared to prove the substance of the Federal charge."
42 Ala. App. at 342, 164 So.2d at 510.
Petitioner urges that if a federal indictment cannot furnish ground for revocation of probation because it may be based on hearsay, then neither can a federal arrest warrant furnish such grounds.
The State acknowledges that Hill and Dixon
are somewhat similar to this case, but argues that those cases are nevertheless distinguishable from the present case.Dixon held that a federal indictment, standing alone, did not justify revocation of probation, since such an indictment may be handed down on hearsay. Hill held that the testimony of a probation officer and admission of his "Supervisor's Report on Delinquent Probationer," alone, were not sufficient to justify revocation of probation where it was shown on cross-examination that the basis for the report was an offense report from a law enforcement department and the probation officer had not spoken directly to the arrestingofficers who had written the offense report. Further, inHill, the probationer asserted his right to cross-examination of adverse witnesses and invoked a ruling from the Court.
The State contends that the inclusion of both the probation officer's report and a certified copy of the federal arrest warrant strengthens the case for revocation of probation. The court ruled that upon receipt of both of these documents, probation would be revoked. This case is thus distinguished from Dixon because here the federal warrant is not the sole basis supporting revocation. This case is further distinguished from Hill, because this petitioner did not determine whether the probation officer based her report on an offense report, upon actual conversation with the arresting officers, or upon personal knowledge. Petitioner, in essence, waived his right to cross-examine the probation officer on the basis for her report. The report itself does indicate that part of the report was based on an affidavit signed by one of the arresting officers, but the record on appeal is otherwise silent concerning the development of the report by Bogue. Petitioner argues that he did not waive his right to cross-examination, but merely objected to inadmissible evidence. The State questions, however, how the petitioner can determine whether the evidence was inadmissible, since he declined to examine the State's witness on the basis for the findings of her report.
The State further notes that the law is clear that the formality and evidentiary standards of a criminal trial are not required in parole revocation hearings. Thompson v.State, 356 So.2d 757 (Ala.Crim.App. 1978), Armstrongv. State, 294 Ala. 100, 312 So.2d 620 (1975). Hearsay evidence may be admitted in the discretion of the court, though the State acknowledges that hearsay evidence cannot be the sole support for revoking probation. Mitchell v. State,462 So.2d 740 (Ala.Crim.App. 1984).
As we understand the argument of the State, it is that the State presented enough credible evidence, so that petitioner's due *Page 369 
process rights were not denied. We cannot agree.
Although probation is a "privilege" and not a right, Wrayv. State, 472 So.2d 1119 (Ala. 1985), certain standards of due process of law must be met to justify revocation. Those standards are set out in Armstrong v. State, supra.
We find that petitioner's due process rights were violated in this case. While we recognize that all the formal requirements of a criminal trial are not mandated, and that the burden of proof is different, Thompson v. State, 356 So.2d 757
(Ala.Cr.App. 1978) ("[t]he standard of proof is not reasonable doubt or preponderance of the evidence, but reasonable satisfaction from the evidence"), we also recognize that "[h]earsay information may not be used to furnish thesole basis of the revocation." Watkins v.State, 455 So.2d 160 (Ala.Cr.App. 1984). See, also,Moore v. State, 432 So.2d 552 (Ala.Cr.App. 1983). In the case at bar, we find that the evidence in the record was insufficient. Although evidence sufficient to support a conviction is not required, a probation officer's report and/or an arrest warrant, standing alone or together, would be insufficient.
We also note that the trial court's order is deficient in that it lacks a written statement of the evidence relied upon and the reasons for revocation, pursuant to standard number five in Armstrong, supra. See also, Harden v.State, 396 So.2d 1076 (Ala.Crim.App. 1980); Joinerv. State, 454 So.2d 1048 (Ala.Crim.App. 1984);Mitchell v. State, 462 So.2d 740 (Ala.Crim.App. 1984).
Based on the foregoing reasons, we reverse and remand this cause to the Court of Criminal Appeals with directions to remand it to the trial court to permit the State, if it desires, to present sufficient evidence that the conditions of petitioner's probation have been violated.
Our remand of the case is without prejudice to the State's right to amend its petition to revoke petitioner's probation to include matters that may have transpired since the time of the holding of the first revocation hearing. Cf. Wray v.State, supra, where the trial court was allowed to reconsider its grant of probation when advised that the defendant had committed an offense shortly before the date that probation was granted.
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.