Maurice Caldwell Mallette appeals from the judgment of the trial court revoking his probation. On September 30, 1988, he pleaded guilty to possession of marijuana and was sentenced to three years' imprisonment. The sentence was suspended, and he was placed on three years' probation. One of the conditions of probation was that appellant should "avoid injurious or vicious habits." He was specifically advised that this condition encompassed the use of illegal drugs. On February 1, 1990, appellant reported to his probation officer as *Page 1317 
required, and a urine specimen was taken from him for the purpose of determining if he was using drugs. The urine sample was sent to the laboratory at Fountain Correctional Center, where it was analyzed and, according to a laboratory report, was found to contain traces of marijuana. Appellant was notified of the test results and was instructed to arrange another testing within seven days. He arranged for a second urine test at "Med Lab" in Fairhope; that test, according to the laboratory report, also showed marijuana use.
The state moved to revoke appellant's probation, and a revocation hearing was held on April 27, 1990. At the conclusion of the hearing, the trial court entered an order revoking appellant's probation upon its finding "from the testimony of Kathy Whaley [probation officer] that the defendant has violated the terms of his probation by failing to pass two drug screening tests." Appellant raises one issue. He contends that the trial court committed reversible error by revoking his probation solely on the basis of hearsay evidence. He relies principally on Williams v. State, 557 So.2d 857
(Ala.Cr.App. 1990), and Hill v. State, 350 So.2d 716
(Ala.Cr.App. 1977).
While hearsay evidence may be admitted in probation revocation hearings in the discretion of the trial court, hearsay evidence cannot be the sole basis for revoking probation. Ex parte Belcher, 556 So.2d 366 (Ala. 1989);Mitchell v. State, 462 So.2d 740 (Ala.Cr.App. 1984).[1] Here, the two laboratory reports showing that traces of marijuana were found in the urine of appellant were, indeed, the sole basis for the revocation of probation. The persons who actually performed the tests were not called to testify. Thus, the state relied solely on hearsay to prove appellant's violation of one of the conditions of probation. The use of such hearsay evidence as the sole means of proving the violation of the probation condition denied appellant the right to confront and cross-examine the person who originated the factual information which formed the basis for the revocation. For this reason, appellant was denied minimal due process of law, and the evidence was insufficient to prove the alleged violation of probation. See Ex parte Belcher; Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Mitchell v. State; Hill v. State.
For the foregoing reason, we reverse the judgment and remand this cause to the trial court to permit the state, if it desires, to present sufficient evidence at a new hearing that the conditions of appellant's probation have been violated.Ex parte Belcher.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.
[1] Some jurisdictions have upheld probation revocations based on hearsay where the hearsay evidence is demonstrably reliable or exhibits indicia of reliability; however, Alabama courts have consistently refused to sustain a revocation based solely on hearsay evidence. N. Cohen J. Gobert, The Law of Probationand Parole § 9.10 (1983).