BOWEN, Judge.
This is a pro se appeal from a revocation of probation. In 1986, the appellant, Thomas E. Longmire, pleaded guilty and was *1230 convicted of receiving stolen property. He was given a split sentence, with three years’ imprisonment and 12 years’ probation. In March 1990, he was arrested for possession of marijuana and illegal possession of a firearm. His probation was revoked in May 1990. He raises three issues on this appeal from that revocation.
I
Attached to this opinion is the written order of the circuit court revoking probation. That order contains a detailed recitation of the facts, and that order is supported by the record. We find that this evidence is sufficient to satisfy the standard of “reasonable satisfaction.” Ex parte Caffie, 516 So.2d 831, 834 (Ala.1987). In a probation revocation proceeding, proof beyond a reasonable doubt and to the exclusion of every reasonable hypothesis but that of guilt is not required. Caffie, 516 So.2d at 833-34. See also 3 W. LaFave and J. Israel, Criminal Procedure § 25.4(c) at 161 (1984).
II
Contrary to the appellant’s argument, the circuit judge did enter a written order in which he set out the evidence relied upon and the reasons for revoking probation. That order is in full compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
III
At the revocation hearing, the State introduced the written report from the Alabama Department of Forensic Sciences which identified the green plant material as marijuana. This report was admissible even though the State did not prove the chain of custody of the marijuana because strict rules of evidence do not apply at a revocation hearing, Caffie, 516 So.2d at 835-36, because there was no dispute over the identity or integrity of the marijuana, and because the law enforcement officer who seized the substance testified that, based on his experience, the “green plant material” was marijuana.
In Mallette v. State, 572 So.2d 1316 (Ala.Cr.App.1990), this Court reversed a revocation of probation because that revocation was based solely upon the testimony of the probation officer and two laboratory reports from a state correctional institution showing that the probationer’s urine sample contained traces of marijuana.
“While hearsay evidence may be admitted in probation revocation hearings in the discretion of the trial court, hearsay evidence cannot be the sole basis for revoking probation. Ex parte Belcher, 556 So.2d 366 (Ala.1989); Mitchell v. State, 462 So.2d 740 (Ala.Cr.App.1984). Here, the two laboratory reports showing that traces of marijuana were found in the urine of appellant were, indeed, the sole basis for the revocation of probation. The persons who actually performed the tests were not called to testify. Thus, the state relied solely on hearsay to prove appellant’s violation of one of the conditions of probation. The use of such hearsay evidence as the sole means of proving the violation of the probation condition denied appellant the right to confront and cross-examine the person who originated the factual information which formed the basis for the revocation. For this reason, appellant was denied minimal due process of law, and the evidence was insufficient to prove the alleged violation of probation. See Ex parte Belcher; Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Mitchell v. State; Hill v. State [350 So.2d 716 (Ala.Cr.App.1977) ].”
Mallette, 572 So.2d at 1317 (footnote omitted).
The question in Mallette was the sufficiency of the evidence to support the revocation of the probation, not the admissibility of the laboratory report. Mallette is distinguishable from the situation presented here.
In the present case, the issue is admissibility. Here, the revocation was not based solely upon hearsay evidence. Both arresting officers testified to the circumstances surrounding the alleged violations of the conditions of probation. Furthermore, one of those officers testified that the sub *1231 stance was marijuana. Under these circumstances, we find that the laboratory reports regarding the urinalysis were properly admitted into evidence at the revocation hearing.
“The urinalysis laboratory reports bear substantial indicia of reliability. See [United States v.] Penn, 721 F.2d [762,] 765 [(11th Cir.1983)]. They are the regular reports of a company whose business it is to conduct such tests, and which expects its clients to act on the basis of its reports. Moreover, we note that no evidence was presented to contradict [probationer’s] drug usage, and that [the probationer] has made only general, unsubstantiated claims that the laboratory tests may have been defective. We conclude that under these circumstances there was good cause to permit the government to avoid the difficulty and expense of bringing the chemist or chemists who performed the tests from California to Arkansas to testify. In our experience, that sort of formal testimony rarely leads to any admissions helpful to the party challenging the evidence.”
United States v. Bell, 785 F.2d 640, 643 (8th Cir.1986) (footnote omitted). See also Annot., 11 A.L.R.4th 999, § 5 (1982).
The judgment of the circuit court revoking the appellant’s probation is affirmed.
AFFIRMED.
All Judges concur.
APPENDIX
In the Circuit Court of Escambia County, Alabama
State of Alabama Plaintiff vs Thomas E. Longmire Defendant
Case No. CC-86-03
ORDER
This matter comes before the Court on the probation violation charge brought against the defendant alleging that the defendant had committed the new offenses of possession of marijuana and possession of a firearm. , The defendant appeared in court with counsel, David White, on May 23, 1990, for the probation revocation hearing. Also present in court were Escambia County Probation Officer Donald Ellis and certain witnesses.
The first witness to testify was Roland Howell, a police officer with the Bay Mi-nette City Police Department. Mr. Howell has over ten years of experience in law enforcement. He testified that a confidential informant had advised his department that the defendant had drugs with him. Pursuant to this information, Officer Howell located the defendant’s automobile at Standard Furniture in Bay Minette and waited for the defendant to leave. When the defendant left Standard Furniture, Officer Howell pulled in behind him and the defendant pulled into the parking lot at Altus Bank. The defendant was asked for his identification but he said that he had no identification. Officer Howell testified that the defendant began to look “edgy”. This made Officer Howell concerned for his safety so they asked the defendant to empty his pockets on the hood of his car so they could pat the defendant down for weapons. The defendant placed his money on the hood and Officer Howell began to pat him down. Just below the defendant’s belt, Officer Howell felt a bulge in the pants of the defendant. The officer testified that when he felt this bulge it made a crunching sound. As soon as the officer noticed this bulge during the pat down, the defendant grabbed the money on the hood of the automobile and fled. Officer Howell chased the defendant past several businesses and through the yards of some houses. The defendant either flagged down or jumped into the back seat of a patrol car that had been sent to intercept the defendant. Officer Howell testified that he lost sight of the defendant for a brief period of time when the defendant went behind a hedgerow. In the area where Howell had lost sight of the defendant, officers were posted to secure the area and a search was conducted along the route taken by the *1232 defendant. A paper bag containing two plastic bags filled with a green plant material was found along the route followed by the defendant. Officer Howell inspected the green plant material in the bags and he testified that he had seen marijuana before and that this green plant material had the appearance of marijuana and in his opinion it was marijuana. He noted that it had been raining that day and everything was wet in the area but the paper bag containing the marijuana was dry. Howell testified that this green plant material was sent to the Alabama Department of Forensic Sciences in Mobile and that he had received a report from the Department of Forensic Sciences stating that the plant material in the bags was marijuana and contained .19 ounces. This report was introduced into evidence as State’s exhibit number one.
Bay Minette City Police Officer Jimmy Franklin also testified. He arrived behind Officer Howell when the defendant’s automobile was stopped initially. He testified that the defendant had some Two Thousand Ninety-Six Dollars ($2,096.00) in cash on him and that approximately Thirteen Hundred Dollars was in twenty dollar bills.
Based upon the evidence presented, the Court is reasonably satisfied that the defendant has committed the new offense of possession of marijuana. Officer Howell testified that he felt a bulge in the defendant’s pants when he patted him down. At the moment he felt this bulge, the defendant fled after grabbing the money on the hood of the automobile. The fact that the defendant fled indicates that he had something to hide. Along the route taken by the defendant, a paper bag containing two smaller bags of marijuana was found. Officer Howell testified that he saw no other people in the area during the chase and that the area was secured by police officers once the defendant was apprehended. Therefore, there appears to be very little likelihood that someone else placed this bag along the path taken by the defendant after the defendant was apprehended. The fact that the bag was dry indicates that it had been placed there recently. Officer Howell testified that it had been raining and everything was wet but that the bag was dry. It is also more than coincidental that the defendant turned himself into the police just beyond the area where the bag of marijuana was found. Also, the Court believes that it is more than coincidental that the defendant was carrying a large amount of cash on him at the time he was stopped. For these reasons, the Court is reasonably satisfied that the defendant was in possession of marijuana. Common sense would not let this Court hold otherwise. Accordingly, it is
ORDERED, ADJUDGED AND DECREED that the probation previously granted this defendant is revoked and the defendant is ordered to serve the remainder of the sentence originally imposed upon him.
IT IS FURTHER ORDERED that any costs and/or restitution previously ordered by this Court be paid by the defendant upon his release from the penal system or upon his becoming financially able to pay.
Dated this 25th day of May, 1990.
/s/ Bradley E. Byrne
BRADLEY E. BYRNE CIRCUIT JUDGE
Copies to: Michael D. Godwin
David White
Probation Officer