*689 ON RETURN TO REMAND
TYSON, Judge.
On October 26,1990, this court remanded this cause with instructions that the circuit court enter its order making specific findings of fact and conclusions of law based upon the issues associated with the revocation of this appellant’s probation.
The Circuit Court of Etowah County, Alabama, has now complied and has entered the following order:
“ORDER
“This cause coming before the Court on an Order of Remand from the Alabama Court of Criminal Appeals dated October 26, 1990, in Case No. CC-89-1128, and the Court, having reviewed the record in this cause, makes the following factual findings in accordance with the Alabama Court of Criminal Appeals Remand Order:
“(1) Evidence of the violations contained in Charge 1 (Changing Residence without the Consent of the Probation Officer) and Charge 2 (Failure to Report) was found in SX-1, being the case report filed with the Alabama Probation Officer in Eto-wah County by David Maurin, the Supervising Probation officer in the State of Michigan. Such report was admitted into evidence by the Court under the Business Records Exception to the Hearsay Rule. Authentication of SX-1 in compliance with said Rule was provided by the Probation Officer, who was the custodian of the same, and who used it in the Probation Office business, and who kept such records in the file of her Probationers as a regular practice. (R-32). Defendant’s citing of Ex Parte Belcher, 556 So.2d 366 (Ala.1989), in opposition to the admittance of such report was not controlling inasmuch as such report, as a business record, was an exception to the Hearsay Rule. The report submitted by the Probation Officer from Michigan was admissible under the Business Records Exception because it contained facts within such Probation Officer’s Personal knowledge. He had been to the residence where the Defendant was supposed to be residing and found that she had moved. He had actual knowledge that she had not reported to him since their initial meeting on October 25, 1989. Had such been based on hearsay to him, such could not be admissible; but since the information was based on his actual knowledge, admissibility of such report as a Business Records Exception to the Hearsay Rule was proper. See Reeves v. King, 534 So.2d 1107 (Ala.1988) as to the application of this principle. And the Business Records Exception to the Hearsay Rule is applicable in criminal proceedings and those matters attendant to them. Gamble, McElroy’s Alabama Evidence, § 254.01(6) [3rd ed., 1977], p. 548. Based on such report, together with the Defendant’s admission that she had moved (R-64), and had only been to the Michigan Probation Office twice (R-65), this Court found such as sufficient evidence . to support Charges 1 and 2 in revoking the Defendant’s probation.
“(2) Evidence of the violation contained in Charge 3 (Failure to Avoid Persons of Disreputable Character) was provided in the testimony of State Probation Officer Martha Partridge. The conversation which Mrs. Partridge related to the Court, between herself and the Defendant, was initially requested by the Defendant, who acknowledged in such conversation her marrying her Co-Defendant after she was placed on probation even though, ‘the Court specifically told you to stay away from’ [him]. (R. 42, 44.) The fact of the Co-Defendant being a disreputable character was evidence by his being a habitual offender. (R. 45.) Defendant’s objection to the admissibility of such conversation on the basis of failure to give Miranda warnings was without merit. See Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136 [79 L.Ed.2d 409] (1984). Defendant not only acknowledged her association with her Co-Defendant to Mrs. Partridge, but further *690 provided evidence of her continuing relationship with him when she signed into jail using her alleged married name of King. Mrs. Partridge testified to verifying such. (R-42.) Based on the Defendant's admissions as provided through Mrs. Partridge’s testimony, the Court found such sufficient to support the revocation of Defendant’s probation on Charge 3.
“Having now set out the facts and evidence relied upon in revoking the Defendant’s probation, as ordered by the Alabama Court of Criminal Appeals, the Court hereby files the same with the Clerk, who is ORDERED AND DIRECTED to file the same and forward it to the Clerk of said Court of Criminal Appeals on this date, by certified mail, return receipt requested, so that the time requirements for the completion of such placed on this Court will be met.
“DONE AND ORDERED this the 7th day of December, 1990.
“s/s William H. Rhea, III,
“Circuit Judge”
This court has now reviewed this record and the order as above quoted. We are of the opinion that the circuit court has fully complied with the requirements set out by the Supreme Court of Alabama in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
In view of the foregoing, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.