681 So.2d 247 (1995)
Ronald Lewis HALL
v.
STATE.
CR-93-2001.
Court of Criminal Appeals of Alabama.
March 24, 1995.
Phyllis Parker, Opelika, for appellant.
Jeff Sessions, Atty. Gen., and Alice Byrne, Asst. Atty. Gen., Dep't of Corrections, for appellee.
McMILLAN, Judge.
The appellant, Ronald Lewis Hall, pleaded guilty to robbery in the third degree and was sentenced to 15 years' imprisonment. The trial court ordered that the sentence be split: the appellant was to serve two years in the penitentiary and he was placed on probation for a period of five years. Thereafter, the trial court was advised by the Lee County Probation Officer that the appellant was in violation of his probation. The appellant was arrested and a probation revocation hearing was held, wherein evidence was introduced that the appellant had tested positive for cocaine on two different dates. The appellant's probation was then revoked. The appellant, acting pro se, filed a Rule 32, Ala. R.Crim.P., alleging that he was denied effective assistance of counsel at the revocation hearing. New counsel was appointed for the appellant and a motion to suspend the time for filing a motion for a new trial was filed pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992). That motion was granted by the trial court. Thereafter, the appellant's counsel filed a motion with the Alabama Court of Criminal Appeals to suspend the time for filing an appeal pending the expiration of the time for filing a motion for a new trial, pursuant to Ex parte Jackson, supra. The appellant's counsel was informed by the clerk's office of the Alabama Court of Criminal Appeals that Ex parte Jackson did not apply post-conviction proceedings. The clerk's office of the Alabama Court of Criminal Appeals then issued an order stating that a motion for a new trial is inapplicable in probation revocation proceedings, and the Court denied the appellant's motion.

I
The appellant argues that there was insufficient evidence to support the revocation of probation, because, he says, the probation officer who testified at the hearing did not conduct the drug screening on the appellant, and, therefore, he says, the State's sole evidence was based on hearsay. The record indicates that the State's sole witness, a probation officer, testified that another probation officer in the Wetumpka office, Dan Lowery, performed the drug test on the appellant on the first occasion. She stated that after seeking counseling, the appellant returned for another test, and again tested positive for cocaine. The probation officer who the witness said performed the test was not present at the hearing.
In Mallette v. State, 572 So.2d 1316 (Ala. Cr.App.1990), the appellant's probation was revoked because, while on probation, he used illegal drugs. The State's proof in Mallette *248 v. State consisted of two laboratory reports showing traces of marijuana in the appellant's urine. The persons who performed the tests did not testify; however, a probation officer testified that the appellant violated the terms of his probation by failing to pass the two tests. This court concluded that the State had relied solely on hearsay evidence to prove the appellant's violation of his probation. This court held:
"The use of such hearsay evidence as the sole means of proving the violation of the probation condition denied appellant the right to confront and cross-examine the person who originated the factual information which formed the basis for the revocation. For this reason, appellant was denied minimal due process of law, and the evidence was insufficient to prove the alleged violation of probation."
572 So.2d at 1317. See also Ex parte Belcher, 556 So.2d 366 (Ala.1989) (State's evidence held insufficient in probation revocation hearing where evidence consisted of probation officer's testimony that, while on probation, the appellant was charged with a federal offense, i.e., conspiring to possess, with intent to distribute, approximately 1000 pounds of marijuana, and certified copies of the federal charge).
"[T]he law is clear that the formality and evidentiary standards of a criminal trial are not required in parole revocation hearings. Thompson v. State, 356 So.2d 757 (Ala.Crim.App.1978), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Hearsay evidence may be admitted in the discretion of the court, though the State acknowledges that hearsay evidence cannot be the sole support of revoking probation. Mitchell v. State, 462 So.2d 740 (Ala.Crim. App.1984).
". . . .
"Although probation is a `privilege' and not a right, Wray v. State, 472 So.2d 1119 (Ala.1985), certain standards of due process of law must be met to justify revocation. Those standards are set out in Armstrong v. State, supra.
"... While we recognize that all the formal requirements of a criminal trial are not mandated, and that the burden of proof is different, Thompson v. State, 356 So.2d 757 (Ala.Cr.App.1978) (`[t]he standard of proof is not reasonable doubt or preponderance of the evidence, but reasonable satisfaction from the evidence'), we also recognize that `[h]earsay information may not be used to furnish the sole basis of the revocation.' Watkins v. State, 455 So.2d 160 (Ala.Cr.App.1984). See, also, Moore v. State, 432 So.2d 552 (Ala.Cr.App. 1983). In the case at bar, we find that the evidence in the record was insufficient. Although evidence sufficient to support a conviction is not required, a probation officer's report and/or an arrest warrant, standing alone or together, would be insufficient."
Ex parte Belcher, supra, at 368-69 (emphasis in original).

II
The appellant argues that he was not afforded the minimum due process at his probation revocation hearing, pursuant to Rule 27.5 and Rule 27.6, Ala.R.Cr.P. Specifically, the appellant alleges that he was not afforded minimum due process in the following respects: he says the record is silent as to the appellant's having received sufficient written notice of the claimed probation violations; he says the record is silent as to any disclosure to the appellant of the evidence against him; the appellant says he was not given the opportunity to confront or cross-examine witnesses, because the prosecutor's case was allegedly based solely on hearsay testimony; he says the trial court failed to prepare a written statement of the evidence relied on and the reasons for revoking probation; the appellant says he was not given sufficient notice of the charges and the evidence to be relied on; he says his attorney at the probation revocation hearing was ineffective; and he says the trial court based it decision solely on allegedly insufficient hearsay evidence.
However, at the probation revocation hearing, the probation officer presented the arrest warrant as State's exhibit 1, the notice of charges as State's exhibit 2, and the delinquency report as State's exhibit 3. The probation officer then testified that the appellant *249 was being supervised by the probation office in Wetumpka, Alabama, and that he had tested positive for cocaine on December 3, 1993, when he reported to Dan Lowery, a probation officer in Wetumpka. He was then instructed to seek counseling, and in fact did so, as confirmed by a letter from a counseling center in Wetumpka. He reported back to the probation office on April 13, 1994, and he again tested positive for cocaine. The probation officer also testified that the appellant had failed to pay money as ordered by the court and that he owed a balance of $421. The officer testified that the appellant and his wife were making every effort to attend and to participate in group activities at the treatment center in Wetumpka. Moreover, the appellant had shown the probation officer a letter indicating that he was on a waiting list for in-house treatment and that would enter the program as soon as a bed became available for him. The appellant informed the court that the in-house treatment center was located at Red Level, Alabama. The officer then testified that he believed that, if the appellant were given another chance to get into the program at Red Level and continued his efforts in attending the program in Wetumpka, he may successfully complete his probation. The trial court responded, "Well, the two charges of possessionhaving [tested] positive [for a] drug, cocaine, is enough for me. Accordingly, your probation is revoked. I tell them when they come here that if you flunk drug screens you go to jail and that's that."
In the order revoking the appellant's probation, which is contained in the record, the trial court states that the appellant's probation officer filed her written probation violation report on May 17, 1994. The trial court states that a copy of this report was furnished to the appellant's attorney and that the probation revocation hearing was set for a month later and that the appellant was given notice of the hearing.
The trial court's order does not specifically state his reasons for revoking the appellant's probation other than, "After considering the evidence offered at this hearing, this Court is reasonably satisfied that this defendant, RONALD LEWIS HALL, has violated the terms of his probation." However, in this particular case, the record makes clear the reasons for the trial court's revocation of probation. This court has held that where the trial court's written order does not technically comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), by specifically stating reasons, but the record clearly and definitely sets out the trial court's reasons for revoking probation, "[a]n inadequate report may be supplemented and cured." Salter v. State, 470 So.2d 1360, 1362 (Ala.Cr. App.1985). See also Grimes v. State, 579 So.2d 693, 695 (Ala.Cr.App.1991) (McMillan, J., concurring specially.)
"`"Despite the obvious inadequacies in these reports, they are often upheld if the viewing court can look at the record of the case and define reasons and evidence for the decision. This is especially likely to occur in those cases, usually involving probation revocation, where a complete transcript is available to the appellate court to use in lieu of an adequate report by the decision-maker. Courts reason that the purposes of the written reportfacilitating appellate review and preventing repeated revocations for the same conductcan still be achieved irrespective of the lack of an adequate report by the decision maker." N. Cohen and J. Gober, The Law of Probation and Parole, 641 (1983).'"
Harris v. State, 549 So.2d 520, 523 (Ala.Cr. App.1989).
Although the record clearly shows that the trial court's reason for revoking the appellant's probation was that the appellant tested positive for cocaine use while on probation, it is clearly the better and safer practice to put such findings in writing in the order denying probation. Therefore, because this cause is due to be remanded on other grounds, if the trial court concludes on remand after the new hearing that the conditions of the appellant's probation have been violated, it should enter a written order containing its specific reasons for revoking the appellant's probation.
This cause is due to be remanded to the trial court so that the State, if it desires, may present sufficient evidence at a new hearing that the appellant violated the conditions of *250 his probation. The trial court is directed to make return to this court within 45 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
All judges concur except TAYLOR, P.J., and COBB, J., who concur in result only, with opinion by TAYLOR, P.J.
TAYLOR, Presiding Judge, concurring in result only.
I concur in the majority's reversal of the judgment in this case. However, I disagree with the court's reasoning in Part II of the opinion. The majority states that an inadequate written order revoking probation may be "supplemented and cured" by the record, but that the "better practice" is for the court to make written findings as to reasons the court revoked probation. An adequate written order is in fact mandatory. This issue has already been addressed and resolved by the United States Supreme Court and the Alabama Supreme Court.
The minimum constitutional requirements for revocation of parole and probation have long been established by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
In addressing probation revocation hearings, the United States Supreme Court in Gagnon, quoting from Morrissey, stated the following minimal due process requirements that must be met before probation may be revoked:
"`(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' Morrissey v. Brewer, supra, [408 U.S.] at 489, 92 S.Ct. at 2604."
Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added.) Decisions of the United States Supreme Court construing the Constitution of the United States are binding on all courts.
The Alabama Supreme Court in Wyatt v. State, 608 So.2d 762 (Ala.1992), resolved any doubt regarding this issue:
"In Armstrong v. State, [294 Ala. 100, 312 So.2d 620 (1975)] this Court held that, among other procedural requirements, the trial court was required to make a written order setting forth the evidence relied upon and the reason for the revocation in order to meet the due process requirements in a proceeding to revoke probation. Since our decision in Armstrong v. State, this Court has addressed and affirmed the written-order requirement. See Ex parte Lawrimore, 441 So.2d 122 (Ala.1983). However, in some cases the Court of Criminal Appeals has stated that a complete written order is not necessary if the transcript of the proceeding, coupled with the order, indicates the evidence relied upon by the trial court and the trial court's reason for the revocation, because the requirements of due process have been met. See Brown v. State, 515 So.2d 146 (Ala. Crim.App.1987); Salter v. State, 470 So.2d 1360 (Ala.Crim.App.1985). This Court, however, continues to hold that Armstrong requires a written order setting forth the evidence relied upon and the reason for the revocation. We reiterate that that holding continues to be the law in Alabama."
608 So.2d at 763. "The United States Supreme Court has clearly set out the principles of due process.... These due process rights have not been changed by the United States Supreme Court and must be complied with." Grimes v. State, 579 So.2d 693, 694 (Ala.Cr.App.1991). We are absolutely required to conform our holdings to those of the Alabama Supreme Court.
*251 For the reasons stated above, I disagree with the reasoning of the majority in Part II of its opinion.