*550
 
 WISE, Presiding Judge.
 

 On November 22, 2004, the appellant, Johnny R. Coach, Jr., entered a guilty plea to third-degree burglary. It appears that the trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison.
 
 See
 
 § 13A-5-9(c), Ala.Code 1975. It then split the sentence and ordered him to serve thirty months in prison followed by two years on supervised probation. On August 14, 2008, Coach’s probation officer filed an “Officer’s Report on Delinquent Probationer.” After conducting a revocation hearing, the circuit court revoked Coach’s probation. This appeal followed.
 

 Coach argues that the circuit court erroneously revoked his probation based solely upon hearsay.
 

 “ ‘The use of such hearsay evidence as the sole means of proving the violation of the probation condition denied appellant the right to confront and cross-examine the person who originated the factual information which formed the basis for the revocation. For this reason, appellant was denied minimal due process of law, and the evidence was insufficient to prove the alleged violation of probation.’
 

 “[Mallette v.
 
 State,] 572 So.2d [1316,] 1317 [ (Ala.Crim.App.1990) ]. See also
 
 Ex parte Belcher,
 
 556 So.2d 366 (Ala. 1989) (State’s evidence held insufficient in probation revocation hearing where evidence consisted of probation officer’s testimony that, while on probation, the appellant was charged with a federal offense, i.e., conspiring to possess, with intent to distribute, approximately 1000 pounds of marijuana, and certified copies of the federal charge).
 

 “ ‘[T]he law is clear that the formality and evidentiary standards of a criminal trial are not required in parole revocation hearings.
 
 Thompson v. State,
 
 356 So.2d 757 (Ala.Crim.App. 1978),
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975). Hearsay evidence may be admitted in the discretion of the court, though the State acknowledges that hearsay evidence cannot be the sole support of revoking probation.
 
 Mitchell v. State,
 
 462 So.2d 740 (Ala.Crim.App.1984).
 

 [[Image here]]
 

 “ ‘Although probation is a “privilege” and not a right,
 
 Wray v. State,
 
 472 So.2d 1119 (Ala.1985), certain standards of due process of law must be met to justify revocation. Those standards are set out in
 
 Armstrong v. State,
 
 supra.
 

 “ ‘... While we recognize that all the formal requirements of a criminal trial are not mandated, and that the burden of proof is different,
 
 Thompson v. State,
 
 356 So.2d 757 (Ala.Cr. App.1978) (“[t]he standard of proof is not reasonable doubt or preponderance of the evidence, but reasonable satisfaction from the evidence”), we also recognize that “[h]earsay information may not be used to furnish the
 
 sole
 
 basis of the revocation.”
 
 Watkins v. State,
 
 455 So.2d 160 (Ala.Cr.App.1984). See, also,
 
 Moore v. State,
 
 432 So.2d 552 (Ala.Cr.App.1983). In the case at bar, we find that
 
 the
 
 evidence in the record was insufficient. Although evidence sufficient to support a conviction is not required, a probation officer’s report and/or an arrest warrant, standing alone or together, would be insufficient.’
 

 “Ex parte Belcher,
 
 supra, at 368-69 (emphasis in original).”
 

 Hall v. State,
 
 681 So.2d 247, 248 (Ala.Crim.App.1995). Further,
 

 “ ‘ “ ‘[t]he decision to revoke probation is a judicial function and should be based upon the appellant’s conduct
 
 *551
 
 and not upon an accusation only. The state must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.’
 
 Hill[ v. State,
 
 350 So.2d 716 (Ala.Cr.App.1977) ].” ’
 

 “Chasteen v. State,
 
 652 So.2d 319, 320 (Ala.Crim.App.1994) (quoting
 
 Mitchell v. State,
 
 462 So.2d 740, 742 (Ala.Crim.App.1984)).”
 

 Nash v. State,
 
 931 So.2d 785, 789 (Ala.Crim.App.2005).
 

 In this case, the circuit court revoked Coach’s probation on the ground that he was a sex offender and he had not given a thirty day notice before he changed his residence. At the revocation hearing, Detective Fernando George was the only witness. George testified that he worked with the sex offender department of the Birmingham Police Department; that, after a sex offender registers with the Jefferson County Sheriffs Department, the sheriffs department sends him the information; and that he then goes to the residence to verify that the sex offender is actually living at that address. He also testified that he received information from the Jefferson County Sheriffs Department indicating that Coach had reported on June 26, 2008, and listed his registered address as 1320 Westminster Place; that he went to the residence to verify Coach’s address, but no one came to the door; that he went back to the residence on July 13, 2008, and Renee Simmons was there; that Simmons told him that Coach might be a friend of her sister’s, but she did not know him well, and he did not live there; that he obtained a warrant to arrest Coach; that Coach contacted him after he obtained the warrant; and that Coach told him that he was living at that address with his cousin, that Simmons was lying, and that he was going to have to move out because his cousin had “got into it” with Simmons. (R. 20.) George further testified that, when he went to the residence, he did not go into the house; that he went early in the morning; that he did not observe the house for any length of time; that he did not know whether Coach went to the home at night and stayed there; and that he did not have any knowledge about whether Coach went to the residence early and left early in the morning.
 

 In its brief, the State concedes that “Officer George’s testimony regarding Ms. Simmons’s denial that Coach lived at 1320 Westminster Place constituted hearsay evidence, because it was offered to show that Coach, in fact, did not live at that address,” but asserts that George’s observations at the residence constituted adequate non-hearsay evidence to support the revocation of his probation. (State’s brief at p. 7.) Although George’s personal observations at the residence did not constitute hearsay, those observations did not tend to establish that Coach did not live at that residence and that he had changed residences. At most, his observations showed that Coach was not at the residence on those two occasions. Therefore, the only evidence to show that Coach did not live at 1320 Westminster Place and that he had changed residences was George’s hearsay testimony about the statements Simmons made to him. For these reasons, the State did not present sufficient non-hearsay evidence to support the revocation of Coach’s probation. Accordingly, we reverse the circuit court’s order revoking Coach’s probation and remand this case to the circuit court for proceedings that are consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.